### James McGuire, Appellee, v. North Breese Coal & Mining Company, Appellant.

1. MASTER AND SERVANT—*who fellow-servants.* Where a boss driver in a mine when operating a motor for the regular motorman during his absence to get lunch, negligently drives against a car which plaintiff, a driver under such boss, is coupling and injures him, it is a question for the jury whether the negligence of the boss driver is in the capacity of motorman and fellow-servant of plaintiff or of boss driver and vice principal.

2. MASTER AND SERVANT—*who are fellow-servants.* A regular motorman in a mine and a mule driver who are habitually associated together in their work are fellow-servants.

3. MASTER AND SERVANT—*fellow-servant rule.* The portion of the fellow-servant rule to the effect that, to be fellow-servants the duties of servants must be such as to bring them into habitual association so that they may exercise a mutual influence promotive of proper caution, means personal association calculated to exercise influence promotive to caution.

4. MASTER AND SERVANT—*who are fellow-servants.* A boss driver in a mine, temporarily operating a motor, and a driver under him, injured by his negligent operation of the motor, who are not habitually associated in their work, are not fellow-servants.

5. MINES AND MINERS—*provision as to lights on trains and trips of cars construed.* Act 1911, section 15 (L. 1911, p. 407) relating to the lights on "every trip or train of pit cars moved by machin-

ery" means that the rear light referred to need only be carried by a car when it is in the rear of a train or trip of cars.

6. MASTER AND SERVANT—*what instruction as to who are fellow-servants properly refused.* Where a mule driver in a mine brings action for personal injuries received when the boss driver, who was temporarily operating a motor, drove against him, it is not error to refuse an instruction stating that the driver and boss driver would be fellow-servants if they were in the employ of defendant and were directly co-operating in the hauling of coal, or if the duties of a driver and motorman brought them into habitual association so they might exercise an influence upon each other promotive of caution.

7. INSTRUCTIONS—*when party cannot complain of modification.* A party cannot complain of a modification of an instruction by striking a clause therefrom if the substance of such clause was given in another instruction.

8. INSTRUCTIONS—*how objectionable portions should be stricken.* The trial court when striking out objectionable words in an instruction should completely obliterate them.

9. INSTRUCTIONS—*when modification by drawing line through clause not prejudicial.* A modification of an instruction by running a line through the part stricken instead of obliterating, *held,* not so prejudicial as to require reversal especially when the same language was contained in an instruction given.

Appeal from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913. Rehearing denied and opinion modified May 29, 1913.

C. E. POPE, for appellant.

T. R. MOULD and SCHAEFER & KRUGER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This case was brought by James McGuire, appellee, against the North Breese Coal & Mining Company, appellant, to recover damages sustained by reason of an alleged injury to the appellee, which occurred while the appellee was in the employ of appellant, as mule driver, in a coal mine.

The case was tried upon the first and second amended counts of the declaration.

The first amended count charged, that plaintiff, while attempting to couple a car, loaded with coal, to other cars standing on the parting and while he was in the exercise of ordinary care for his own safety, that Herb Taylor, boss driver, and vice principal, negligently and carelessly, caused a motor and cars thereto attached to be violently backed against the cars he was so attempting to couple, without notice or warning and thereby caused the injury complained of. A verdict and judgment for the plaintiff resulted and defendant prosecutes this appeal.

The main contention here arises over the application of the rule in regard to fellow-servants. The question whether the boss driver and vice principal, who, at the time of the injury was acting as motorman, was a fellow-servant with appellee or whether he sustained the relation of boss driver and vice principal, was a question of fact to be determined by the jury, and unless some reversible error is disclosed in the record of the trial, or this court can say, that under the evidence the verdict is so manifestly against the weight of the evidence that all reasonably intelligent minds would reach a different conclusion, the verdict and judgment should be sustained.

The evidence establishes the following facts concerning Taylor. He was boss driver. He employed the drivers and gave them orders as to their duties. At the time of the injury he was temporarily running the electric motor for the regular motorman who had gone to get lunch.

While operating the motor, with the cars attached, he backed down to the parting and caused the car plaintiff was attempting to couple with another, to move violently and so produce the injury to the plaintiff. Running the motor was not his usual work. Personally, Taylor and plaintiff had not habitually been associated together in the performance of their duties.

Taylor stood in precisely the same relation to the plaintiff as the master would have stood had the master been operating the motor at the time.

If the master under such a state of facts, would be regarded under the law, as a fellow-servant of the plaintiff, then Taylor should be so held but not otherwise.

What the master does himself is equivalent to a servant doing the same thing while under the orders from the master.

The reason which supports the fellow-servant doctrine is based on public policy, which presumes the usual or habitual association of colaborers, is such as would or might cause them to exercise a mutual influence upon each other promotive of proper care and caution.

If the manner of backing the car, by Taylor, without notice or warning, constitutes negligence, liability for such negligence can be avoided only on the theory that Taylor and the plaintiff were fellow-servants. If the backing of the motor and cars without notice or warning had been done by the regular motorman then under the rule the master would be relieved from liability.

When however the boss driver assumes the duties of motorman and neglects to give proper warning or reasonable notice, the failure of which would constitute negligence, his conduct becomes that of the master, and his negligence in that regard would be the negligence of the master.

It is not disputed that Taylor as boss driver held the position as vice principal and was vested with complete authority to hire and discharge the drivers at his discretion but it is insisted that his negligence, if any, was solely in the capacity of motorman and that in such capacity he was a fellow-servant with plaintiff and others co-operating in moving the loaded and unloaded cars, at the parting.

The question whether his negligence was in the capacity of motorman or boss driver was one of fact, to be determined under all the circumstances by the jury, and the jury having found this fact adversely

to the defendant, such finding must be upheld on appeal, unless it affirmatively appears such finding was manifestly against the weight of the evidence. Mobile & O. R. Co. v. Massey, 152 Ill. 144; Chicago & N. W. R. Co. v. Moranda, 93 Ill. 302; Indianapolis & St. L. R. Co. v. Morgenstern, 106 Ill. 216; Lake Erie & W. R. Co. v. Middleton, 142 Ill. 550.

It is urged by appellant with what is apparently good logic, that under the definition of the term fellow-servant, as recognized by repeated holdings of the court of this state, that the evidence in this case shows that plaintiff and Taylor were at the time of the injury, "directly co-operating with each other in the particular business, in the same line of employment," and therefore were fellow-servants. The definition however carries with it the following qualifications, "where their duties are such as to bring them into habitual association so that they might exercise a mutual influence upon each other promotive of proper caution."

The force of appellant's logic in attempting to apply the first part of the definition and exclude the qualifying part to this case, must yield to the express holding of the Supreme Court, in the case of Chicago & A. R. Co. v. Swan, 176 Ill. 424, where the court held that whatever may be said of the correctness of the construction tested by grammatical rules it is unsound law.

The reason for the rule is clearly stated in the Moranda case, *supra*. In that case the court said: "Where servants of the same master are directly co-operating with each other in a particular business at the time of the injury, or are, by their usual duties, brought into habitual consociation, it may well be supposed that they have the power of influencing each other to the exercise of constant caution in the master's work (by their example, advice and encouragement and by reporting delinquencies to the master) in as great, and in most cases in a greater, degree than

the master. If, then, each such servant knows that neither he nor his fellow-servant, if injured by the other's negligence can have redress against the master, he has such incentive to constant care, and such incentive to the exercise of his influence upon his fellow to incite him to constant care, that the well-being of society in such cases does not demand that the master be made to answer.''

The second branch or qualifying portion of the definition of fellow-servant is held to mean personal association which is calculated to exercise influence promotive of caution. Their usual duties must bring them into some association, and the association must be sufficiently personal to furnish them opportunity and power to exercise an influence upon each other-promotive of their mutual safety. Bennett v. Chicago City Ry. Co., 243 Ill. 420.

Tested by the reason for the rule, the application of the rule under the evidence fails to show that the plaintiff and Taylor were fellow-servants. There was no opportunity by usual or habitual association, for the plaintiff to exercise any degree of influence on Taylor, promotive of caution.

Hence it follows, that Taylor's relation to plaintiff at the time of the injury was that of vice principal, and that his negligence in backing the motor and cars onto the parting, without notice or warning, against the car plaintiff was about to couple with another car standing on the parting was the negligence of the master, the appellant herein.

Holding as we do that the evidence supports the allegations of the first amended count of the declaration and fixes appellant's liability, we shall not extend this opinion by discussion of the amended third count, further than to say, that in our opinion the evidence fails to support the charge of wilfulness, on the part of the appellant, in its failure to have a light on the rear car attached to this motor, for the reason such car was not in the rear of any train or trip of cars,

which is the evident meaning of the law which requires that, "a conspicuous white light must be carried on the front and a conspicuous red light or signal board on the rear of every trip or train of pit cars moved by machinery." Section 15, chap. 93, Revised Statutes of 1911.

According to the evidence the trip was not made up, at the time of the injury. It was being made up. Even if required by the law the evidence fails to show that the absence of the light was the cause of the injury.

Counsel for the appellant complains of the refusal of instruction No. 19, and the modification of instruction No. 17.

It will be observed on examination of refused instruction No. 19 that the instruction contained the following language: "and if the jury believe from the evidence, that the plaintiff, McGuire and Herb Taylor, who was operating the electric motor at the time of plaintiff's injury were both in the employ of the defendant, and they were directly co-operating with each other in the work of hauling coal, or that the usual duties of driver and motorman brought them into habitual association so that they might exercise an influence upon each other promotive of proper caution, they would be fellow-servants."

If this instruction had been given and followed by the jury it would have been conclusive against the plaintiff. There was no dispute as to Taylor and the plaintiff both being in the employ of the defendant and at the time of the injury, co-operating together in the work of hauling coal. Nor was there any question raised that the usual duties of a motorman and a driver, brought them into habitual association so they might exercise an influence upon each other.

If the instruction had limited the inquiry as to Taylor particularly and not referred to motormen generally, the instruction would have been in harmony on that point, with the instruction in the case of Pagels v. Meyer, 193 Ill. 172, on which appellant seems to rely.

In the Pagels case, *supra,* the question was, whether Meyer, the plaintiff, and one Vogt, were fellow-servants, and the instruction offered by defendant and refused by the trial court, which on appeal was held to be error, contained the statement, in substance: "that if Meyer and Vogt were in the employ of the defendant and were directly co-operating with each other in the particular business in hand or that their usual duties brought them into habitual association so that they might exercise influence upon each other promotive of proper caution," that they were as a matter of law fellow-servants.

Here however it was sought by the instruction to tell the jury that if the usual duties of a driver and a motorman brought them into habitual association, then plaintiff and Taylor must be regarded as fellow-servants, whether their usual duties brought them together or not. This we do not understand to be the law and it was not error to refuse the instruction.

It is contended that the modification of instruction No. 17, offered by defendant, constitutes error. That part of the instruction as originally presented and which was modified was as follows: "If the negligence complained of consists of some act done or omitted by one having such authority which related only to his duties as co-laborer with those under his control and which might just as readily have happened with one of them, not having such authority, the common master will not be liable." The modification was made by running a pen over the words, "and which might just as readily have happened with one of them not having such authority."

Two objections are urged against the modification made. First; that the stricken words stated the correct rule of law, and Second; the manner of making the modification which was done with a pen line across the words attempted to be stricken but which left the stricken part still visible.

As to the first objection, appellant has no cause for

complaint since the substance of such language was used in instruction No. 20, which was given for defendant and defendant got the benefit of it whether it stated the correct rule or not.

The second objection, raises the question of proper practice in modifying instructions by the trial court. It is certainly advisable in such cases for the trial court when striking out any objectionable words to effect complete obliteration and thus avoid giving possible emphasis to the act of modification.

We do not feel however under all the circumstances in this case especially when the same language stricken out is found in instruction No. 20, which was given, that such modification was so prejudicial to defendant as to require a reversal of this case.

We are of the opinion that under the particular facts in this case, the evidence shows that Taylor and plaintiff were not fellow-servants at the time of the injury and that the jury were warranted in finding defendant guilty of negligence and the judgment of the court below will be affirmed.

*Affirmed.*