## George R. Carr, Appellant, v. Sanfrid Harnstrom, Appellee.

### Gen. No. 22,004.

1. FRAUD, § 14*—*necessity of showing actual damage by false representations.* In an action of deceit, it is necessary to show that the plaintiff has been actually damaged as the result of false representations.

2. SALES—*what is not proof of absence of damage by false representations.* In an action of deceit, evidence that the property purchased was, at the time it was bought, actually worth the price paid, while tending to negative a showing of damage by false representations, is to be considered as evidence of absence of damage rather than proof of it.

3. SALES, § 419*—*when instruction on liability for fraud in sale of corporate stock is improper.* In an action of deceit for damages alleged to have been caused by false representations of value in the sale of corporate stock, an instruction that before the jury can find for the plaintiff they must believe from all the evidence that the stock was not worth, on the date of the sale, the amount paid ·for it, is improper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. SALES, § 419*—*when instruction on burden of proof is erroneous*. In an action of deceit to recover damages alleged to have been caused by false representations of value in the sale of corporate stock, where there is evidence showing that plaintiff had suffered a loss by the false representations, an instruction which places upon plaintiff the burden of showing that the stock was not worth the price paid for it on the date at which he had bought a certain part of the stock, is erroneous.

5. SALES, § 420*—*what is measure of damages for false representations of value in sale of corporate stock*. In an action of deceit to recover damages caused by false representations of value in the sale of corporate stock, the amount of the recovery is the amount actually lost by reason of the transaction, not the difference between the actual value of the stock at the time of purchase and the value which defendant represented it to have.

6. SALES, § 419*—*when instruction on nonliability for false representations as to value of corporate stock is erroneous*. In an action of deceit to recover damages caused by false representations of value in the sale of corporate stock, it is error to instruct that if the jury believe from the evidence that if at the time the plaintiff purchased the stock "there were facts and circumstances present sufficient to put the plaintiff upon his guard, or cast a suspicion upon the correctness of the representations made by the defendant, if you believe from the evidence that any such representations were made; and if you further believe from the evidence that the plaintiff neglected to avail himself of the warning thus given and to make proper investigation as to the correctness of such representations, then he cannot recover in this case."

7. INSTRUCTIONS, § 126*—*when improper*. Instructions abstract in form and which are not based upon any evidence in the case are improper.

8. APPEAL AND ERROR, § 519*—*when objection to admission of impeaching evidence not considered on appeal*. An objection to the admission of documentary evidence on the ground that it permitted a witness to be impeached in matters not material to the issues, will not be considered on appeal where it is not pointed out wherein the evidence tended so to impeach the witness.

9. FRAUD, § 134*—*when instruction on necessity of knowledge of falsity of representations is erroneous*. In an action of deceit to recover damages alleged to have been caused by false representations, it is not proper to instruct that no recovery can be had unless defendant made false representations knowing them to be false.

10. APPEAL AND ERROR, § 480*—*when error in giving erroneous instruction may not be complained of*. On appeal, error alleged to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

have been committed in giving in an instruction one principle of law rather than another cannot be considered where no instruction embodying the principle claimed to be applicable was presented to the trial court, but only one embodying the same principle as that contained in the instruction complained of.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed June 27, 1917.

STANSBURY & CHARLES, for appellant.

ATWOOD, PEASE & LOUCKS, for appellee.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

Appellant, who was the plaintiff below, seeks to reverse a judgment of the Circuit Court in favor of the defendant. The parties will be designated as plaintiff and defendant. The former brought suit against the latter for damages alleged to have resulted from false representations in regard to the value of stock in the Alabama, Sumatra & Havana Tobacco Company, hereinafter referred to as the company. Evidence offered on behalf of the plaintiff tended to show that the defendant, the treasurer and a director of the company, induced the plaintiff to invest $15,000 in 6,000 shares of the company's stock by means of false and fraudulent representations to the effect that it was worth $60,000. The first 2,000 shares were purchased March 17, 1911, and the remaining 4,000 shares, April 13, 1911. Evidence tending to show that no such false representations were made was introduced on behalf of the defendant. The stock turned out to be of but slight value, and many of the alleged representations upon which the plaintiff claimed to have acted were clearly false. The following instruction, among others, was given the jury:

"Before you can find for the plaintiff, you must believe from all the evidence that the assets of the Alabama, Sumatra & Havana Tobacco Company, over and above its liabilities, on March 17, 1911, were not worth $412,590, and that the stock on that date was not worth $2.50 per share."

It is, of course, necessary in an action of deceit to show that the plaintiff has actually been damaged as the result of false representations, and, consequently, it would tend to negative the existence of such damage if it were shown that the property purchased was, at the time it was bought, actually worth the amount paid for it. We think, however, that such a fact must be considered as evidence of an absence of damage rather than proof of it, since cases readily suggest themselves where the purchaser would be out of pocket as the necessary result of his purchase, although it might at the moment be worth the exact amount paid. The instruction is, therefore, erroneous, but we think it is also bad for another reason. There was an abundance of proof from which the jury could have found that the plaintiff had actually suffered a loss as a direct result of the alleged false representations. In such circumstances, it was not incumbent upon him to offer evidence as to the value of the stock upon the day it was purchased. The instruction, however, clearly makes it appear that this was a distinct issue presented to the jury upon which plaintiff had the burden of proof. As plaintiff presented evidence of a total loss, and of facts from which it could be inferred that it was the direct and necessary result of the purchase, proof that the stock was actually worth the amount paid for it became a matter of defense. In addition to this, it appears that the greater part of the stock was purchased in April, and consequently, in any view of the case, it was improper to instruct the jury that the plaintiff could not recover unless the stock was worth less than $2.50 a share March 17th, for it might

well have been worth that amount then, and nothing when the second and larger instalment was purchased. There was evidence tending to show that both purchases were made in reliance upon the alleged false representations of the defendant. On the other hand, we find no merit in plaintiff's contention that he was entitled to recover the difference between the value of the stock at the time it was purchased and the value which defendant represented it as having. The real question in such a case is as to how much the plaintiff is actually out of pocket by reason of the transaction. (See *Sigafus v. Porter,* 179 U. S. 116.)

We are not unmindful of the fact that the court, over the objection of plaintiff, submitted an interrogatory to the jury as to whether the stock was worth, on March 17, 1911, the sum of $2.50 a share, and that the jury answered this question in the affirmative, but, in our opinion, as indicated above, this question was submitted to the jury under an instruction which erroneously placed the burden of proof upon the plaintiff.

The jury were also instructed as follows:

"If you believe from the evidence that at the time the plaintiff, George R. Carr, purchased the stock of the Alabama, Sumatra & Havana Tobacco Company there were facts and circumstances present sufficient to put the plaintiff upon his guard, or cast a suspicion upon the correctness of the representations made by the defendant, if you believe from the evidence that any such representations were made; and if you further believe from the evidence that the plaintiff neglected to avail himself of the warning thus given and to make proper investigation as to the correctness of such representations, then he cannot recover in this case."

We think this instruction was clearly erroneous. In *Leonard v. Springer,* 197 Ill. 532, our Supreme Court said:

"The rule is, that a party guilty of fraudulent conduct, whereby he induces another to act, will not be

allowed to impute negligence to the latter as against his own deliberate fraud. 'Even where parties are dealing at arm's length, if one of them makes to the other a positive statement, upon which the other acts (with the knowledge of the party making such statement) in confidence of its truth, and such statement is known to be false by the party making it, such conduct is fraudulent, and from it the party guilty of fraud can take no benefit.' *Linington v. Strong,* 107 Ill. 295.

"Counsel says there is no allegation that the defendant ever obtained any portion of plaintiff's money, and he assumes that defendant is not, therefore, liable in damages to plaintiff. It is not necessary, in an action of this kind, to show that the defendant had any interest in the subject-matter or that he received any benefit therefrom."

The theory upon which the plaintiff based his case was that defendant was guilty of a deliberate fraud, and made false representations to the plaintiff in regard to facts supposed to be within defendant's peculiar knowledge, which induced plaintiff to make the investment in question. We think it is not enough that there might have been something to "cast a suspicion upon the correctness of the representations made by the defendant," since there might have been, and apparently were, other facts and circumstances which would lead the plaintiff to believe that defendant was a man of integrity and standing. The instruction is otherwise at fault in form and substance, but it is not necessary to consider it further. The jury were also instructed as follows:

"You are instructed that where means of knowledge are at hand and equally available both to the buyer and the seller, and the matters and things about which representations are made are equally open to their inspection, if the purchaser does not avail himself of those means and opportunities, and if no concealment is made or attempted to be made by the seller, the purchaser cannot later be heard to complain that he

was drawn into the transaction by the vendor's misrepresentations.

"A purchaser is not justified in relying upon any representation when it is made concerning a matter equally within the means of knowledge possessed by both parties. If he has reasonable means of ascertaining the truth of the statement, he is bound to make use of his opportunities and is charged with any knowledge that he would have obtained if he made use of such means."

These instructions are abstract in form and can hardly be supported in view of the fact that there is no evidence from which the jury could find that "means of knowledge were at hand and equally available both to the buyer and seller," or that the matters in question "were equally within the means of knowledge possessed by both parties."

Plaintiff also contends that the court erred in admitting in evidence thirty-three letters written by two of his witnesses. The objection is based on the ground that it was error to permit a witness to be impeached in regard to matters not material to the issues, but as counsel have failed to point out wherein the letters received in evidence tended to impeach the witness in this manner, we are unable to pass upon the point raised.

For the plaintiff it is also contended that the court erred in instructing the jury that no recovery could be had unless the defendant made false representations, knowing them to be false, for the reason that where one makes false representations recklessly and makes them as representations of matters of which he has knowledge, when, in fact, he has not, he may be held liable in the same manner as though he had known the representations to be false. We think this view of the law is sustained by the language of the opinion in the case of *Miller v. John,* 208 Ill. 173, but the question of whether or not the principle stated was applicable to the present case is not properly before us, since

it was not presented to the trial court in any instruction, and plaintiff, in fact, asked the court to instruct the jury upon the same theory as that embodied in the defendant's instructions, namely, that it was necessary for him to prove that the defendant knew that the representations were false.

For the errors already discussed, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*