## Daisy G. Rose, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,265. (Not to be reported in full.)

Appeal from .the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

### Statement of the Case.

Action by Daisy G. Rose, plaintiff, against the Chicago City Railway Company, defendant, for damages for injuries claimed to have been sustained by plaintiff while a passenger on one of defendant's street cars. From a judgment for plaintiff for $3,500, defendant appeals.

BUSBY, WEBER & MILLER, FRANKLIN B. HUSSEY and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rose v. Chicago City Ry. Co., 207 Ill. App. 345.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence shows negligence in failing to allow passenger and child reasonably sufficient time to alight from car.* In an action by a passenger against a street railroad company to recover damages for personal injuries alleged to have been sustained while alighting from one of defendant's cars, evidence *held* sufficient to establish negligence on the part of defendant in failing to permit the car to stand a reasonably sufficient time to allow plaintiff and her child to alight therefrom.

2. DAMAGES, § 188*—*when evidence shows injury to breast of passenger previous to injury in street car accident.* In an action against a street railroad company for damages for personal injuries, including injury to plaintiff's breast, due to the car jerking before plaintiff's daughter had alighted from the car and throwing the child against plaintiff, evidence *held* sufficient to show an injury to plaintiff's breast nearly two years before the accident.

3. EVIDENCE, § 454*—*when opinions of physicians as to possibility of infection of breast of woman by germ are of no force.* The opinions of expert medical witnesses as to the character of the infection of the breast of a woman who was injured in a street car accident, as the result of her child being thrown against her while in the act of alighting from a car, and as to the possibility of infection either with or without any blow, are neutralized in effect where their opinions as to the causal connection are predicated upon the absence of any prior injury.

4. EVIDENCE, § 423*—*when medical expert testimony essential.* The opinions of medical experts are essential in a personal injury action for the guidance of a jury as to infections, their causes and progress, as such matters left to the guesses of the uninformed would make possible damages based solely on speculation and not upon evidence.

5. APPEAL AND ERROR, § 1803*—*when judgment reversed and cause remanded for new trial.* Where important evidence has been omitted in the trial of a personal injury action, the Appellate Court, in view of the fact that it cannot call and examine witnesses to supply such omission, will reverse a judgment and remand the cause for another trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.