## Stephan Ivanhoe, Appellee, v. The Buda Company, Appellant.

### Gen. No. 32,071.

1. EVIDENCE—*admissibility of army discharge to show health of soldier at later time.* An army discharge stating that the health of the soldier was good at that date is inadmissible on an issue as to the condition of his health seven years later.

2. FRAUD AND DECEIT—*admissibility of records of decisions in regard to claim before industrial commission.* In an action by a former employee against his employer for fraud and deceit in inducing him to refrain from applying in proper time for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, a notice of an award in his favor by an arbitrator of the industrial commission, and decisions of review in his favor by the industrial commission, are admissible in evidence only to the extent that they show a claim had been filed, the result thereof, etc.; and an opinion of the Supreme Court that the claim had not been filed in time is inadmissible.

3. TRIAL—*propriety of reading statute to jury.* In an action by a former employee against his employer for fraud and deceit in inducing him to refrain from applying in proper time for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, it is error to read to the jury paragraph 8 of section 3 of the act, showing that the parties were operating thereunder, and section 6, abolishing the common-law right of action for the injury, although the jury may be told the material provisions of the law by proper instructions.

4. FRAUD AND DECEIT—*authority of representatives of defendant to make statements as question for jury.* In an action by a former employee against his employer for fraud and deceit in inducing him to refrain from applying in proper time for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, the

authority of representatives of the defendant to bind it by their representations to the plaintiff was, under the evidence, a question for the jury.

5. FORMER ADJUDICATION—*court decision setting aside award under Workmen's Compensation Act as bar to action for fraud.* An action by a former employee against his employer for fraud and deceit in inducing him to refrain from applying in proper time for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.,* was not barred by a decision of the Supreme Court setting aside an award for plaintiff on the ground that the claim had not been filed in proper time.

6. DISCONTINUANCE, DISMISSAL AND NONSUIT—*withdrawal of juror because of conduct of plaintiff in court.* The discretion of the court was properly exercised in refusing to withdraw a juror during the trial of a case concerning personal injuries because plaintiff, in the presence of the jury on two occasions, either feigned an attack of hysteria or had an uncontrollable twitching of the muscles with rolling of the eyes.

7. FRAUD AND DECEIT—*negligence of defrauded person.* A person who is guilty of fraudulent conduct which induced another to act to his detriment will not be allowed to impute negligence to the defrauded person.

8. EVIDENCE—*necessity of expert evidence to show condition of person resulted from injury.* A recovery of damages for disability resulting from an electric shock should be supported by some expert evidence on the question whether the person's condition resulted from the injury, where plaintiff began to have fits and fainting spells a considerable time after the injury.

9. DAMAGES—*$7,500 as excessive in an action for fraud in connection with personal injuries.* A verdict for $7,500 was not sustained in an action by a former employee against his employer for fraud and deceit in inducing him to refrain from applying in proper time for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.,* for injuries from an electric shock.

Appeal by defendant from the Superior Court of Cook county; the Hon. R. R. FOWLER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Reversed and remanded. Opinion filed January 30, 1928.

DENT, DOBYNS & FREEMAN, for appellant.

JOSEPH A. WEBER, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action to recover damages claimed to have resulted from the alleged fraud and deceit of the defendant. There was a verdict and judgment in his favor for $7,500 and the defendant appeals.

The record discloses that plaintiff was employed by the defendant at its factory located in Harvey, Illinois, and on January 5, 1917, while he was at work he received an electrical shock and was permanently injured. Plaintiff's declarations alleged that he and the defendant were operating under the provisions of the Illinois Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, and that he was entitled to compensation under that act for the injuries received; that in March, 1917, he was paid by the defendant $51.20 as compensation for temporary disability and shortly thereafter returned to work for the defendant, but was unable to work continually, being afflicted with frequent fainting spells which, as time went on, increased in frequency and intensity until later he became permanently disabled from doing any kind of physical work; that within six months of the date when he returned to work for the defendant he made numerous requests of the defendant for compensation under the law; that the defendant, through its superintendent, frequently and for the purpose of inducing plaintiff to refrain from taking the necessary legal steps to obtain compensation, told him that it was not necessary for plaintiff to take any steps in the matter because the defendant had made application for him, that the proceedings were pending before the industrial commission and that it would advise him of the time and place of the hearing.

It was further alleged that on October 25, 1920, plaintiff having received none of the relief promised

by the defendant, made inquiry of the industrial commission and then learned for the first time that his claim had not been received; that thereupon he filed his claim with the commission; that a hearing was had and an award made allowing him compensation for partial incapacity; that the award of the arbitrator was confirmed by the industrial commission and that afterwards he made a further application that he be allowed compensation for total disability; that there was a hearing on this question and he was allowed compensation for total disability; that the allowance was affirmed by the circuit court of Cook county and later the matter was taken to the Supreme Court of this State, where the award was set aside on the ground that plaintiff's claim had not been filed within the time required by the statute. Further allegations of the declaration are to the effect that plaintiff relied upon statements frequently made by the defendant that his claim for compensation had been filed and for this reason he did not make claim within the time required by the statute. After the issue was made up the case was tried before the court and a jury with the result as above stated.

It further appears from the record that after the reversal of the award allowing him compensation by the industrial commission, by the Supreme Court, plaintiff filed a bill in chancery. This was afterwards transferred to the law side of the court and plaintiff then filed his declaration for fraud and deceit. Since there must be a reversal of the judgment, we will not discuss the evidence in detail, but it is sufficient to say that plaintiff offered evidence tending to sustain the allegations of his declaration, while on the other hand, the defendant offered evidence to the effect that no misrepresentations had been made to plaintiff by the defendant.

In support of his case plaintiff, over objections of the defendant, offered in evidence a written document

showing that he had been honorably discharged from
the United States Army on December 2, 1910. This
was offered for the purpose of showing that plaintiff
was in good health prior to the time he was injured
on January 5, 1917. The document was received in
evidence; it gives plaintiff's age, occupation, the time
when and place where he enlisted and the services
rendered by him in the United States Army; that he
was honorably discharged and that his health was
"good." Under proper circumstances this document
would be admissible in evidence (3 Wigmore on Evi-
dence § 1675-A, 2nd Ed.), but we think it inadmissible
in the instant case, even if it contained nothing ex-
cept the statement as to defendant's health at the time
of his discharge, because it purported to show the
state of plaintiff's health on December 2, 1910, which
was about seven years before plaintiff was injured.
The fact that plaintiff was in good health on Decem-
ber 2, 1910, would be of no probative value as to the
state of his health on January 5, 1917, the date he
was injured. The document was inadmissible and
prejudicial to the defendant and should have been
excluded.

Plaintiff also offered in evidence a notice of the
decision of the arbitrator issued by the industrial
commission of Illinois on February 8, 1921, also a
certified copy of the decision of the arbitrator dated
January 28, 1921, a decision of review rendered by
the industrial commission of Illinois, dated April 28,
1921, and a further decision rendered by the same
commission dated June 28, 1922. He also offered in
evidence the decision of the Supreme Court of this
State, wherein that court held that his claim for com-
pensation had not been filed within the time provided
by the Compensation Act, Cahill's St. ch. 48, ¶ 201
et seq. (*Buda Co. v. Industrial Commission*, 306 Ill.
188.) He further offered certain sections of the Com-

pensation Act of this State and read them to the jury, and a printed document containing the entire act was given to the jury when they retired to consider their verdict. All of these documents were received in evidence over objections, and we think all of them should have been excluded. Plaintiff testified that he had filed his claim with the industrial commission; that an arbitrator had made an award; that it had been approved by the industrial commission; that later he applied for an increase in compensation on the ground of total disability; that a hearing was had before the commission and an award made, and that the circuit court had confirmed the award. Further evidence was offered by the plaintiff that the award had been set aside by the Supreme Court, and the case seems to have been tried on the theory that there was no dispute as to these facts. The documents issued by the industrial commission above referred to ought not to have been given to the jury, because there were many recitations and findings that had no proper place in the trial of the case. The consideration of them by the jury could only have misled the jury and have been prejudicial to the defendant. Only so much of the records as would show that the claim had been filed, the result thereof, etc., would be proper evidence. Moreover, the Supreme Court in setting aside the award held that the industrial commission was without jurisdiction, and therefore the proceeding before the commission was without warrant of law and obviously the finding of the commission was not competent evidence of any fact. Nor was there warrant in offering in evidence the opinion of the Supreme Court, which could have been of no assistance to the jury, especially when there was proof of the fact that plaintiff's award had been set aside by that court. It was also error to read to the jury paragraph 8 of section 3 and section 6 of the Compensation Act, Cahill's St. ch. 48, ¶ 202, subd. 8, and ¶ 206. Paragraph 8 simply

tended to show that plaintiff and defendant on January 5, 1917, were both operating under the Compensation Act, and section 6 of that act, Cahill's St. ch. 48, ¶ 206, abolished the common-law right of action for such injuries as plaintiff claimed he had sustained. The law should not have been read to the jury. They might have been told in proper instructions the material provisions of the law.

The defendant contends that there should have been an instructed verdict in its favor because plaintiff did not prove the essential elements of his declaration, and in support of this it is said: "The essential elements of an action on the case for fraud and deceit are that the defendant made representations that were false; that they were known by the defendant to be false and made to deceive the plaintiff; that the plaintiff believed the representations; that the plaintiff reasonably relied thereon and suffered damages as a result thereof." The argument seems to be that the evidence fails to show that the defendant knew of the alleged false representations made by its representatives to plaintiff and, moreover, that the statements, even if made by the representatives of the defendant, as testified by plaintiff, were insufficient because the representatives had no authority to bind it by any statement that the defendant had filed plaintiff's claim for compensation with the industrial commission. We think the contention cannot be sustained. *Faber-Musser Co. v. William E. Dee Clay Mfg. Co.*, 291 Ill. 240. The question was for the jury. Plaintiff testified that Hermanson, who was defendant's employment manager, told him that he would take care of the matter of plaintiff's claim, and further that the defendant had done so. And there is further testimony by the plaintiff that he talked a number of times with Viles, the vice president of the defendant, at its plant in Harvey and that Viles promised to look after the matter for him.

Defendant further contends that recovery in the instant case is barred because the matter was adjudicated, as appears from the decision of the Supreme Court when it set aside plaintiff's award. (*Buda v. Industrial Commission, supra.*) The argument seems to be that the same misrepresentations which plaintiff claims the defendant made to him could have been shown before the industrial commission at the time it heard his application for compensation. No argument is made that if it appeared to the industrial commission that the defendant had made the false representations complained of, this would obviate the provisions of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, requiring plaintiff to file his claim within the time mentioned in the act. In this view of the case, we think the point is not properly before us. Moreover, as above stated, the Supreme Court held that the industrial commission was without jurisdiction.

A further point is made by the defendant that the court erred in overruling its motion to withdraw a juror during the trial and to continue the case because plaintiff in the presence of the jury on two occasions either feigned an attack of hysteria or had an uncontrollable twitching of the muscles, rolling of the eyes, etc., and this caused the jury to be prejudiced against the defendant. Matters of this kind must, to a large extent, be left to the discretion of the trial judge, and we do not think we would be warranted in saying that the discretion of the court was not properly exercised under the circumstances. Complaint is made of two instructions given at the request of plaintiff because, it is said, both of them directed a verdict for plaintiff and made no reference to the fact that plaintiff was required to use reasonable care to prevent himself from being defrauded. The objection made is untenable. The law is that where a party is guilty of fraudulent conduct which induced another party to

act to his detriment, the guilty party will not be allowed to impute negligence to the latter. The party guilty of fraud can take no benefit of his own wrong. *Leonard v. Springer,* 197 Ill. 532; *Carr v. Harnstrom,* 207 Ill. App. 31. Moreover, the court gave at defendant's request instructions Nos. 2, 3, 16 and 17, which contained no reference to the reasonable care to be exercised by the plaintiff to prevent himself from being defrauded.

Defendant further contends that the damages are not supported by the evidence for the reason that there is no medical testimony to the effect that plaintiff's alleged disability resulted from the electric shock. While it has been held that where it appears from the evidence that the plaintiff, in a personal injury case, was in good health before he was injured but in bad health afterwards, this may be sufficient to submit the case to the jury as to whether the disabilities complained of resulted from the injuries received (*Chicago Union Traction Co. v. May,* 221 Ill. 530; *Rehthaler v. Crane Co.,* 218 Ill. App. 267), yet we are of the opinion that in the instant case, where the evidence shows that a considerable period after plaintiff was injured he began to have fits and fainting spells, some expert evidence ought to be adduced on the question as to whether his condition resulted from the injury. *Rose v. Chicago City Ry. Co.,* 207 Ill. App. 345.

We are further of the opinion that, under the evidence in the case, the amount of the verdict cannot be sustained. No proper instruction was offered or given on this subject, but the instructions given on the question of damages seem to be the usual ones given in personal injury cases. As we said in the case of *Carr v. Harnstrom, supra,* which was an action for fraud and deceit (p. 35): "The real question in such a case is as to how much the plaintiff is actually out of pocket by reason of the transaction. (See *Sigafus v. Porter,* 179 U. S. 116.)"

For the reasons stated the judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*