Steven Ivanhoe, Appellee, v. The Buda Company, Appellant.

Gen. No. 32,977.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

Dent, Dobyns & Freeman, for appellant.

Joseph A. Weber, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

Defendant appeals from a judgment for $8,796.05 entered upon a verdict in an action to recover damages which the plaintiff claims to have suffered from the alleged fraud and deceit of the defendant. This case has previously been before this court. 247 Ill. App. 336. One phase of the controversy has also been before the Supreme Court. 306 Ill. 188.

Repeating very briefly the facts, plaintiff asserts that while employed by defendant he received injuries from an electric shock on January 5, 1917. He filed a claim with the industrial commission which was carried by the defendant to the Supreme Court where the judgment of the circuit court was reversed on the ground that the claim had not been filed within the time required by the statute. He thereafter brought the instant action, alleging that he was damaged by the fraud and deceit of the defendant in representing to him that his claim had been filed in apt time with the commission, when the contrary was the fact. The question of fraud and deceit has been hotly contested upon both trials, as was also the question as to the extent and character of plaintiff's injuries. As there must be another trial, we do not comment in detail upon this evidence except to say that no doctor testified that plaintiff was permanently totally disabled.

In the opinion heretofore filed in this case it was held error to introduce in evidence the report of the industrial commission for the reason, among others, that "the Supreme Court in setting aside the award held that the industrial commission was without jurisdiction, and therefore the proceeding before the commission was without warrant of law, and obviously the

finding of the commission was not competent evidence of any fact.'' That conclusion must be considered as the law of the case. Upon the present trial, in response to a question by the court, the attorney for the plaintiff stated the findings of the industrial commission in the presence of the jury. This was objected to and a motion made that it be stricken and the jury instructed to disregard it. The court did instruct the jury that the statement had no probative effect and should not be received in the light of evidence—''I merely asked for it and you will not consider that unless further instructed.'' This did not cure the error. The findings of the industrial commission were thus brought to the attention of the jury and it is evident from the amount of the present verdict that the jury took these findings as the basis for arriving at its verdict. Indeed, counsel for the plaintiff, in response to an inquiry from this court as to how such verdict was arrived at, stated that the jury used the findings of the industrial commission. Furthermore, the instruction of the court to the jury was ambiguous when he told it, ''You will not consider that unless further instructed.'' As it was in fact further instructed, the jury might interpret this as a direction to consider the findings of the commission.

We think it was error to permit the attorney to read to the jury what was said to be Dr. Wiggleworth's mortality tables. The attorney was not sworn and his statement to the jury as to the plaintiff's expectancy was improper. As we held in the prior case, the real question was as to how much the plaintiff is actually out of pocket by reason of the alleged fraud and deceit of the defendant if proven. The jury should have been guided in arriving at this amount by the provisions of the Workmen's Compensation Law.

We think defendant should have been permitted to show that the plaintiff's sister suffered from epilepsy, as an expert had testified that heredity is the cause in

a great many cases of epilepsy. *Dillman v. McDaniel,* 222 Ill. 276; *Martin v. Beatty,* 254 Ill. 615.

Plaintiff had testified that he worked at The Fair store a short time. Defendant should have been allowed to show the length of time he was there employed. In addition to inaccuracies in the instructions there was very serious error as to their physical appearance. Inspection shows that some of them were so interlined and marked as to be almost unintelligible even to one accustomed to studying legal documents. To a layman they would be completely unintelligible. The giving of such instructions has been condemned. *Harris v. Schlink,* 200 Ill. App. 202; *McGuire v. North Breeze Coal & Mining Co.,* 179 Ill. App. 592.

Defendant claims that recovery is barred by the former adjudication before the industrial commission. We have already passed upon this point in our previous opinion.

Upon the next trial, if the record is substantially the same as at present, and assuming that the jury should find with plaintiff upon his allegations of fraud and deceit and that there was any disability caused by the injury, and should also find, which seems to be proved upon the present record, that he was partially employed thereafter, the jury should be instructed that the basis of its verdict should be the award which plaintiff would be entitled to under the Workmen's Compensation Act classified as permanently partially disabled. On this basis, upon the present record, provided plaintiff is entitled to recover anything, the verdict should not have been for less than $1,185.17 nor for more than $3,500.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.