RUBIN GORDON *v.* HARRY CHAIT.
[No. 51, October Term, 1929.]

*Decided January 9th, 1930.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Parke, JJ.

*Walter L. Clark,* with whom was *Roszel C. Thomsen* on the brief, for the appellants.

*L. Wethered Barroll,* with whom were *M. Henry Goldstone* and *James J. Lindsay* on the brief, for the appellee.

Pattison, J., delivered the opinion of the Court.

This is an appeal by Rubin Gordon, defendant below, from a judgment recovered against him in favor of Harry Chait, the appellee.

The suit was brought by Chait against Rubin Gordon and Doris Gordon, to recover for personal injuries received by him in being struck and knocked down by an automobile driven by Rubin Gordon, while he, Chait, was attempting to cross Hamilton Terrace at the corner of Madison Street. The defendant, Doris Gordon, was eliminated from the case by a directed verdict in her favor.

At the conclusion of the evidence, both the plaintiff and defendant asked for instructions of the court. The defend-

ant by his "A" and "B" prayers asked for a directed verdict, but they were refused. By his "No. 2" prayer he asked the court to instruct the jury "that if they shall believe that the plaintiff contributed to his own injury by any failure (however slight) to exercise that degree of care and caution for his own safety which prudent persons ordinarily exercise under similar circumstances, then their verdict shall be for the defendants." This prayer as offered was refused, but, after striking therefrom the words "however slight," it was granted. In making this modification, the court attempted to obliterate with his pen the words mentioned, but in doing so, it is claimed, the obliteration was not complete, that is, the words could thereafter still be seen and read.

The counsel for the defendant, both in his oral argument and in his printed brief, concedes that the court committed no error in its rulings on the defendant's "A" and "B" prayers, allowing the case to go to the jury. The contention, however, is made by the defendant that the court first erred in its modification of his "No. 2" prayer, and secondly in its failure to more completely obliterate the words intended to be stricken from the prayer, so they could not have been read by the jury. These are the only two questions to be determined on this appeal.

In support of his contention that these words should have remained in the prayer and not been stricken therefrom, the defendant cites the case of *Fenneman v. Holden,* 75 Md. 1, in which the court, at the request of the defendant therein, instructed the jury that their verdict should be for the defendant if they found "that the accident complained of was in any degree owing to a want of due care and caution at the time of the accident on the part of the plaintiff, directly contributing thereto." The use of the words "in any degree" in that prayer are construed by the defendant to have the same meaning and effect as the words "however slight," found in the prayer before us. In the case cited, the prayer mentioned was a granted prayer of the defendant, against whom the verdict was rendered, and the judgment appealed

from entered; consequently it was not reviewed or passed upon by this court on the defendant's appeal; and our attention has not been called to any case where a like prayer has received its approval.

The court by its modified prayer, at the request of the defendant, instructed the jury, in accordance with the well established rule of law, that the degree of care and caution the plaintiff was to exercise was that which prudent persons ordinarily exercise under similar circumstances. It was in the statement of this rule of law that the court was asked to insert the words mentioned. These words, if inserted, would, we think, unnecessarily emphasize in the minds of the jury the question of the plaintiff's want of care and caution, and might thereby lead the jury to find wrongfully that the plaintiff was guilty of contributory negligence because of a want of care and caution greater than that required of him under the rule, but in no event are these words necessary in a proper statement by the court of the law as to which the defendant was entitled to have the jury instructed. The jury was told by the prayer, as modified, that if the plaintiff, by any failure of his to exercise the degree of care and caution established by the rule, contributed to the injury, the verdict should be for the defendant. This was a sufficient and proper statement of the law, without the insertion of the words stricken from the prayer as offered.

The defendant in support of his second contention cited the case of *McGuire v. North Breese C. & M. Co.,* decided by the Appellate Court of Illinois, an intermediate court, and reported in 179 Ill. App. 592, where the court in a similar case said: "It is certainly advisable in such cases for the trial court, when striking out any objectionable words, to effect complete obliteration and thus avoid giving possible emphasis to the act of modification." There can be no doubt as to the advisibility of the practice there suggested, but we are not disposed to hold that, because the judge fails to obliterate the words to the extent of making it impossible for the jury to see and read them, the case should be reversed, where the court's attention is not called to such fact and no

objection is made thereto. The prayer, when granted after modification, passes to the possession of counsel to be used in argument to the jury, and if at such time the words attempted to be stricken out are shown not to be completely obliterated, the counsel should notify the court of such fact, that the court, or the counsel with its permission, might more completely obliterate them, and, if this is not done, and no objection is made to such incomplete obliteration of the words, and the prayer in that condition goes to the jury, without objection, the defendant has no cause to complain.

In this case there is a photostatic copy of the prayer in the brief of the appellant, and the words attempted to be obliterated are still visible to those who know of their existence in the prayer as offered, though, without such knowledge, it is not at all certain that they would have been observed by the jury. Had the court's attention been called to the fact complained of, the words would then have been obliterated so they could not have been seen, or possibly, as is the practice in some if not all of the circuits in this state, the counsel would have been allowed to rewrite the prayer, without the erasure or modification.

As we find no error in either of the rulings of the court complained of, the judgment will be affirmed.

*Judgment affirmed, with costs.*