(No. 14841.—Judgment reversed.)

THE BUDA COMPANY, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(STEPHEN IVANHOE, De-
fendant in Error.)

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. WORKMEN'S COMPENSATION—*when medical services cannot
be regarded as payment of compensation.* Where the injured em-
ployee, after his temporary disability, for which he was paid com-
pensation, returns to work and no report is made to the Industrial
Commission, medical attention given three years later by the em-
ployer's physician, but which was furnished on the personal call of
the employee and not by the employer, will not support a claim for
further compensation under section 24 of the Compensation act,
requiring claim to be made within six months after the last pay-
ment of compensation.

2. SAME—*amendment of 1919 to section 24 of Compensation act
is not retroactive.* The amendment of 1919 to section 24 of the
Compensation act, requiring the employer to file with the ·Indus-
trial Commission a receipt or statement of the amount of compen-
sation paid, is not retroactive so as to permit the filing of a claim
for further compensation which has been barred prior to the tak-
ing effect of the amendment for failure to file the claim within six
months after the last payment was made.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. FRANK JOHNSTON, JR., Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKERSON, for
plaintiff in error.

JOSEPH A. WEBER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The only question in this case is in regard to the juris-
diction of the Industrial Commission. An award was made
in favor of Stephen Ivanhoe against the plaintiff in error
for an injury which he received on January 5, 1917. He
was temporarily disabled, and on March 10, 1917, was paid

$51.20 as compensation under the Workmen's Compensation act for the period of his temporary disability. No report of the injury or of the payment of compensation was made to the Industrial Commission, as required by section 30 of the act. On March 15, 1917, Ivanhoe returned to work and continued in the employ of the plaintiff in error up to the time of the hearing of this claim for compensation, but he was unable to work continuously. He is afflicted with frequent fainting spells and convulsions, which increase in frequency, and this condition is likely to continue. He made no claim for further compensation until October 25, 1920, when he filed this claim with the Industrial Commission, which made an award in his favor. The circuit court of Cook county reviewed the award by *certiorari* and confirmed the decision of the commission. A writ of error was allowed to review the judgment of the circuit court.

The plaintiff in error insists that because of the failure to make claim for compensation within six months after payment of compensation had ceased, as required by section 24 of the Workmen's Compensation act, or to file notice of such claim with the Industrial Commission within eighteen months after his return to the employment, in accordance with paragraph (*d*) of section 8, the Industrial Commission was without jurisdiction of the claim. The defendant in error claims that medical attention was furnished to him by the plaintiff in error on June 25, 1920, which was within six months before the filing of his claim for compensation, and that the furnishing of such medical attention must be considered as payment of compensation. There is no evidence that the medical service which he received from Dr. Tupper on June 25, 1920, was furnished by the plaintiff in error. For more than three years the defendant in error had been having fainting spells and convulsions but had received no medical treatment or other assistance from the plaintiff in error. What medical service he had he fur-

nished himself.  On June 25, 1920, Dr. Tupper, who was the plaintiff in error's physician, received a telephone call to come down and see the defendant in error, and did so. He testified that he did not go at the request of the Buda Company, and there is no evidence in the record that he did.

Counsel for the plaintiff in error cite the amendment of section 24 in 1919, providing that "no proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased and a receipt therefor or a statement of the amount of compensation paid shall have been filed with the commission."  The amendment added the last clause of the language quoted, "and a receipt therefor or a statement of the amount of compensation paid shall have been filed with the commission," to the section as it appears in the act of 1913 and as it was in force at all times prior to July 1, 1919, omitting the words last quoted.  The written claim for compensation was required to be made within six months after payments had ceased, without reference to the filing of any receipt.  Under the law in force at the time the defendant in error was injured, and for more than two years after his return to work, he was required to make his written claim within six months after payments of compensation had ceased, and the bar provided by section 24 had been complete for nearly two years before the amendment of 1919 took effect.  That amendment was not declared to be retroactive, and in accordance with the general rule of construction must be held to be prospective in its operation and have no application to cases which had arisen and been barred before it came into existence.

The judgment of the circuit court will be reversed.

*Judgment reversed.*