In the Matter of the Claim of JERRY CASALE, Respondent, against ROCKWOOD & Co. and LIBERTY MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for a scheduled permanent ten per cent loss of the use of his right arm. The employer was engaged in the cocoa and chocolate business, and claimant was employed as a laborer therein. On September 4, 1934, he accidentally sprained his right elbow while lifting cases of cocoa butter. He lost four or five days from work but received no wages for that period. After working hours he was treated by a physician who was retained by the employer on a monthly retainer to care for the medical needs of the plant employees. Claimant filed no claim for compensation as to this accident until May 3, 1938. In the meantime he sustained another accident to the same elbow on July 17, 1937, while working for another employer. It was decided on his claim for the last accident that the permanent condition complained of did not result from such accident. On the claim herein the State Industrial Board found that the permanent defect in claimant's right arm was the result of the accident of September 4, 1934, and that the failure to file a claim within the prescribed period did not bar him from compensation because the medical treatment furnished was an advance payment of compensation. There is no substantial evidence to sustain the finding that the first accident caused any permanent defect in flexion. The only medical evidence in the record on that issue is the testimony, oral and documentary, of the physicians who treated him. One question and answer are somewhat ambiguous, but this testimony as a whole clearly indicates that no permanent defect resulted from the accident. The testimony of other physicians, who testified as to the accident of 1937, merely indicates a condition of calcification in existence for some time. Moreover the claim is barred by section 28 of the Workmen's Compensation Law. (*Matter of Lissow* v. *Mabbett Motors, Inc.*, 279 N. Y. 585.) Medical treatment under the circumstances was not an advance payment of compensation. Award reversed and claim dismissed, without costs. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.