■ In the Matter of the Claim of EDWARD ELENZ, Respondent, v. AMERICAN MACHINE & FOUNDRY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal from a decision of the Workmen's Compensation Board, filed December 13, 1968. The sole question presented on this appeal is whether the board's finding of an advance payment is supported by substantial evidence. Claimant worked as a cigar processor and inspector for appellant employer from 1954 to 1961. The job exposed him to a heavy concentration of tobacco dust. On June 13, 1957 his left eye became red and "blurry" while working and he reported to the employer's plant nurse who administered drops. On July 2, 1957 the eye was further aggravated when he "got an extra lot of tobacco in my eye", and again claimant reported to the nurse for treatment. Claimant was then referred to the plant doctor who sent him to the employer's

eye specialist to examine the eye. The employer's safety engineer thereafter recommended safety glasses for use in his work, which were supplied. During the next four years claimant lost no time, but continued to experience irritation of the left eye, and on eight occasions reported to the plant nurse who treated him. During this time he made at least 11 visits to the same eye specialist. All of his medical expenses were paid by the employer. On May 19, 1961 claimant was compelled to stop working. On February 11, 1965 he filed his claim for disability due to an occupational disease. The doctors agree that claimant is industrially blind in the left eye, and there is no appeal here from the finding of disability caused by occupational disease. The furnishing of medical care to an injured employee is ordinarily considered an advance payment of compensation and is, therefore, a waiver of section 28 of the Workmen's Compensation Law. (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480; *Matter of Brooks* v. *Semet Solvay Div., Allied Chem. & Dye Corp.*, 9 A D 2d 592.) However, there must not only be an advance payment of compensation, but it must be made under such circumstances as to imply a knowledge of recognition of liability. (*Matter of Schmitt* v. *Alpha Delta Phi Fraternity*, 33 A. D 2d 1082.) There is no doubt in the instant case that claimant was involved in a work connected accident to his left eye on June 13, 1957. Furthermore, there is evidence of a high incidence of eye irritation in other employees. Although claimant received treatment in the clinic where noncompensable cases were also treated, and while there is some testimony that might indicate payment for claimant's medicals was made from a disability fund provided by employer, this does not prevent a finding that payments were made with knowledge that the condition was related (see, e.g., *Matter of Pacer* v. *Graybar Elec. Co.*, 31 A D 2d 678). Upon the entire record there was substantial evidence to support the board's finding that the medical treatment rendered to claimant constituted an advance payment sufficient to spell out a waiver of the Statute of Limitations. (*Matter of Hartzell* v. *General Foods Corp.*, 8 A D 2d 881.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.