514 P.2d 841

Cleone FACER, Claimant-Respondent,

v.

**E. R. STEED EQUIPMENT COMPANY,**
Employer, and State Insurance Fund,
Defendants-Appellants,

and

E. R. Steed Equipment Company, and American Hardware Mutual Insurance Company, Defendants-Respondents.

**No. 11144.**

Supreme Court of Idaho.

Oct. 1, 1973.

Glenn A. Coughlan of Coughlan, Imhoff, Christensen & Lynch, Boise, for appellants E. R. Steed Equipment Co., employer, and State Insurance Fund, surety.

Winston V. Beard, of Peterson, Moss, Olsen & Beard, Idaho Falls, for claimant-respondent.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Boise, for respondents E. R. Steed Equipment Co., employer, and American Hardware Mutual Ins. Co., surety.

McFADDEN, Justice.

This appeal arises out of proceedings before the Industrial Commission [1] in which Cleone Facer, claimant-respondent, received an award for total temporary disability, medical expenses, and permanent partial disability arising out of injuries sustained while in the employ of Steed Equipment Company of Idaho Falls. Steed Equipment Company employed Facer, a 52 year old mechanic, from 1967 to December, 1971. During the spring of 1969 Steed Equipment Company received several rail shipments of combines. In the early spring of 1969 Facer assisted Glenn Kopp, Steed Equipment's shop foreman, unload a shipment of combines from a railroad flatcar. While Facer was helping Kopp lift a grain auger on a combine, his foot slipped wrenching his hip. After the injury, Kopp, the foreman, reported the injury to Mrs. Carol Steed, a partner in Steed Equipment Company. In resuming his duties after the accident, Facer could not lift heavy objects without assistance from his fellow employees. Although Facer did not complain about his injury, Mrs. Carol Steed noticed him "hobbling" around at work and encouraged him to see a physician.

On April 1, 1969, Steed Equipment Company changed its surety under the workmen's compensation law. Prior to April 1, the State Insurance Fund was its surety. This change of sureties plays a prominent role in the appeal, since there is a controversy whether the injury occurred before or after April 1, 1969.

On April 22, 1969, some six weeks or so after the accident, Facer consulted a physician. During this visit Facer explained how he had injured his hip. The physician prescribed some medicine and advised him not to lift heavy loads. Later Facer consulted several other physicians for particular problems resulting from the injury. As a result of one of these examinations Dr. Sell on February 2, 1970, advised American Hardware Mutual Insurance (surety for Steed Equipment Company after April 1, 1969) that Facer had a degenerative osteoarthrosis condition in the right hip which, in order to maintain motion and reduce pain, would probably require surgery. At the Commission's hearing another orthopedic surgeon corroborated this medical conclusion and testified that Facer had a partial permanent disability equivalent to a 25% loss of the leg at the hip as a result of the accident.

On April 22, 1969, Facer signed a notice of injury and claim for compensation for

1. Under a comprehensive recodification of the Workmen's Compensation Law the Industrial Accident Board became the Industrial Commission on January 1, 1972. I.C. § 72–805. Although claimant filed his petition for compensation and expenses with the Industrial Accident Board on June 1, 1971, for the purpose of clarity "commission" will refer to either the Industrial Accident Board or the Industrial Commission in spite of the change of nomenclature as of January 1, 1972.

Since claimant's accident occurred prior to the new act, the applicable law is the workmen's compensation act prior to Jan. 1, 1972. I.C. § 72–805 (1972 rev.)

the 1969 accident which had been prepared by his employer. The claim, however, stated the accident had occurred on April 22, 1969. Steed Equipment Company forwarded the claim to the Commission, and the Commission received the claim on October 7, 1969. On December 31, 1969, American Hardware Mutual Insurance Company paid $25.35 for medical 'expenses resulting from Facer's injury. Later, after American Hardware Mutual received the letter from Dr. Sell on February 2, 1970, describing Facer's need ·for surgery, the claims adjuster noted a discrepancy between the date of the accident as set forth in the claim and the date as stated by Facer. Then, both sureties, State Insurance Fund and American Hardware Mutual Company, refused to give Facer any further compensation for his injury, since there was uncertainty over the exact date of the accident.

Facer then filed a petition with the Commission on June 1, 1971, for compensation and expenses arising out of his injury. Following its hearing on the issues framed by claimant's petition and answers of the sureties, the Commission found that the claim erroneously stated the date of the accident as April 22, 1969, and that while the exact date of the accident could not be determined, the accident occurred between March 18, 1969, and March 25, 1969. Then, the Commission concluded that Facer's notice to his employer on the day of the accident constituted timely notice and that written notice of injury and claim was timely filed; that American Mutual Hardware Insurance Company was not bound in any way by its voluntary payment of medical compensation; and that State Insurance Fund was not prejudiced by the erroneous date on the notice of injury and claim for compensation, since notice to the employer is notice to the surety. The Commission also concluded·that Facer was entitled to be awarded compensation for total temporary disability for four weeks and four days, medical expenses and for partial permanent disability of 25% equivalent to the loss of one leg at the hip. The

Commission ordered State Insurance Fund to pay total temporary disability compensation of $252.29 and medical expense of $149.00, plus payments for partial permanent disability; by its order the Commission also retained jurisdiction in the event surgery became necessary to correct the degenerative condition of Facer's hip. From the order and decision of the Industrial Commission, State Insurance Fund appealed.

The first issue presented for review is whether claimant sufficiently identified the time of the accident to permit recovery under the workmen's compensation law. The Industrial Commission found that it was "unable to precisely pinpoint [sic] the exact date of accident, however, [it] finds that said.accident resulting in personal injuries occurred between the period of March 18, 1969, and March 25, 1969 * * *." State Insurance Fund and Steed Equipment Company (hereinafter, appellants) allege that there is a complete failure on the part of Facer (hereinafter, claimant) to prove the date of the injury.

There is a conflict among the various dates advanced for claimant's injury. The claim adjuster's report, Glenn Kopp's written statement, Dr. Sell's letter and Dr. Boge's report fix the date of the accident in February, 1969, while the notice of injury places it April 22, 1969. Claimant explained that although he signed the notice of injury and claim for compensation, it had been prepared by another employee of Steed Equipment Company. At the hearing Kopp, Mrs. Steed and claimant stated that the accident occurred around March 12, 1969. Claimant also stated that the accident occurred near his birthday on March 10. Finally, according to railroad shipping records, Steed Equipment Company received combines *only* in March, between the 15th and 26th, and in April; claimant did not unload the combines received in April.

Although appellants cite Welch v. Safeway Stores, Inc., 87 Idaho 396, 393 P.2d 594 (1964), as precedent for the necessity

of precisely fixing the time of injury, the court in Welch v. Safeway Stores, Inc., supra, faced a different problem, an injury resulting from repeated trauma. There the claimant alleged that she had injured her back not in a single identifiable accident but gradually over a period of several months of work as a checker in a grocery store. The court had to apply these facts to then existing I.C. § 72–201[2] which stated in part:

" 'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, *and which can be definitely located as to time when and place where it occurred, causing an injury,* as defined in this law." (Emphasis supplied.)

In this case unlike Welch v. Safeway Stores, Inc., supra, the precise location and circumstances causing the injury are undisputed. Except for the precise date of his injury claimant satisfied all the conditions of I.C. § 72–201.

■ There is sufficient competent, substantial, although conflicting, evidence of the date of claimant's injury to sustain the Commission's finding that the accident occurred between March 18 and March 25, 1969. This finding binds this court and it therefore may not be reversed. Martin Estate v. Woods, 94 Idaho 870, 499 P.2d 569 (1972); Lynskey v. Lind, 94 Idaho 788, 498 P.2d 1261 (1972). The evidence in the record establishes the date of claimant's accident with a "reasonable probability" to permit recovery. Cook v. Winget, 60 Idaho 561, 566, 94 P.2d 676 (1939); McNeil v. Panhandle Lumber Co., 34 Idaho 773, 203 P. 1068 (1921).

Next appellants contend that before liability attaches for claimant's injury a claim must have been filed as required by I.C. § 72–402 and § 72–403[3] which provide in pertinent parts:

"I.C. § 72–402. No proceedings under this act for compensation for any injury shall be maintained unless a notice shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident * * *."

"I.C. § 72–403. Such notice and such claim shall be in writing, and such notice shall contain the name and address of the employee, and shall state in ordinary language the time, place, nature and cause of the injury, and shall be signed by him * * *. The notice may include the claim."

The Commission concluded that claimant had given notice to his employer on the date of the injury as provided by statute.

■ Under I.C. § 72–405[4] want of notice is not a bar to proceedings to establish a claim under the workmen's compensation act if the employer had knowledge of the accident or was not prejudiced by the lack of notice. Bodah v. Coeur d'Alene Mill Co., 44 Idaho 680, 258 P. 1079 (1927); Frost v. Idaho Gold Dredging Co., 54 Idaho 312, 31 P.2d 270 (1934); Lescinski v. Potlatch Forests, Inc., 67 Idaho 98, 170 P.2d 605 (1946); Findley v. Flanigan, 84 Idaho 473, 373 P.2d 551 (1962). See, Garren v. J. R. Simplot Co., 93 Idaho 458, 463 P.2d 558 (1969). However, there is no doubt from the testimony of Mrs. Steed and other employees that Steed Equipment Company had knowledge of claimant's accident. Kopp, the employer's shop foreman was with claimant at the time of the accident and reported it to Mrs. Steed. It is undisputed that the employer had notice because one of its employees prepared the form of notice of injury and claim for compensation executed by claimant on April 22, 1969, about six weeks after the accident.

2. I.C. § 72–102(14)(b) (rev. 1972).

3. I.C. §§ 72–701 and 72–702 (rev. 1972).

4. I.C. § 72–704 (1972 rev.)

■■ There is no requirement that notice be given to the surety under statute or by precedent. Hauter v. Coeur d'Alene Etc. Min. Co., 39 Idaho 621, 228 P. 259 (1923); Larson v. State, 79 Idaho 446, 320 P.2d 763 (1958). Notice to the employer of the claimant's injury is deemed to be notice to the surety. I.C. § 72–806.[5] We find no error in the Commission's conclusion that claimant gave sufficient and proper notice to his employer of his accident and injury. Larson, the Law of Workmen's Compensation, § 78.31, et seq., (1971).

The final issue presented by appellants is whether the claim for compensation is barred by the one year statute of limitation in I.C. § 72–407[6] which provides in part:

"Where a claim for compensation has been made, and no compensation has been paid thereon, such claimant shall have *one year from the date of making such claim within which to make and file with the industrial accident board, an application demanding a hearing and an award under such claim.*" (Emphasis supplied.)

In this case the Commission received the claim for compensation and notice of injury on October 6, 1969. Then, claimant filed a demand for hearing on June 8, 1971, which was well beyond the one year limit. Claimant, however, contends that one year statute of limitations in I.C. §

72–407 is inapplicable since compensation was paid to him by his employer. I.C. § 72–407 also states

"[w]here, on account of personal injury, payments of compensation have been made and thereafter discontinued, such claimant shall have *four years* from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award." (Emphasis supplied.)

On December 31, 1969, American Hardware Mutual Insurance Company, Steed Equipment Company's surety, paid claimant $25.85 for medical expenses incurred as a result of his injury. In response the appellant, State Insurance Fund, argues that: medical expense payments are not compensation under the terms of the workmen's compensation law and it cannot be bound by the voluntary payments made by a third party.

Appellant cited a number of cases from other jurisdictions which do not include medical expense payments within the term, "compensation." Many of these cases are distinguishable since they involve different statutes,[7] denials of liability in conjunction with a payment for medical expense,[8] and treatment by company physicians.[9] A number of cases hold that payments for medical expenses and hospital bills do constitute "compensation" under the various state workmen's compensation acts.[10]

5. I.C. § 72–307 (1972 rev.)

6. I.C. § 72–706 (1972 rev.)

7. Paolis v. Tower Hill Connellsville Coke Co., 265 Pa. 291, 108 A. 638 (1919); Pipes Chevrolet Co. v. Bryant, 274 S.W.2d 663 (Ky. 1954); Powell v. Bestwall Gypsum Co., 255 Iowa 937, 124 N.W.2d 448 (1963); Royer v. United States Sugar Corp., 148 Fla. 537, 4 So. 2d 692 (1941); Marshall v. Pletz, 317 U.S. 383, 63 S.Ct. 28, 87 L.Ed. 348 (1943); Stein v. Packard Motor Car Co., 210 Mich. 374, 178 N.W.2d 61 (1920). See, Miller v. Industrial Comm'n, 106 Colo. 364, 105 P.2d 404 (1940).

8. Chicago Bd. of Underwriters v. Indus. Comm'n, 332 Ill. 611, 164 N.E. 216 (1928); Diamond T Motor Car Co. v. Indus. Comm'n, 378 Ill. 203, 37 N.E.2d 782 (1941). See,

Pac. Employers Ins. Co. v. Indus. Comm'n, 127 Colo. 400, 257 P.2d 404 (1953).

9. Garden Farm Dairy v. Dorchak, 102 Colo. 36, 76 P.2d 743 (1938); Rahder v. Indus. Comm'n, 105 Colo. 594, 100 P.2d 1043 (1940). Cf. Hunt v. Indus. Accident Comm'n, 43 Cal. App. 373, 185 P. 215 (1919); Casale v. Rock-Wood & Co., 259 App.Div. 767, 18 N.Y.S.2d 203 (1940); Buda Co. v. Indus. Comm'n, 306 Ill. 188, 137 N.E. 788 (1922).

10. McFall v. United States Tobacco Co., 246 Ark. 43, 436 S.W.2d 838 (1969); United Fidelity and Guar. Co. v. Indus. Accident Comm'n, 195 Cal. 577, 234 P. 369 (1925); Gregorich v. Industrial Comm'n, 117 Colo. 423, 188 P.2d 886 (1948); Chevrolet Div., Gen. Motors Corp. v. Dempsey, 212 Ga. 560,

We believe the better view is to include payments for hospital and medical expenses within the term "compensation." Therefore, under I.C. § 72–407 the December 31, 1969, payment of medical expenses constituted compensation to the claimant under the workmen's compensation law which tolled the statute of limitations.

Finally, appellant, State Insurance Fund, contends that it cannot be bound by the voluntary payment of compensation by a third party. On December 31, 1969, American Mutual Hardware Insurance Company paid some of claimant's medical expenses incurred as a result of the accident. These expenses were for injuries acknowledged by claimant's employer to have arisen out of and in the course of employment. The December 31, 1969, payment was compensation for injuries for which claimant's employer admits liability and must be considered, in substance, as compensation paid by the employer. By making this payment claimant's employer through its surety tolled the statute of limitations and bound the appellant to his act.[11] Under the facts presented by the record it would be a grave injustice to disallow claimant compensation for his injuries because he was unaware of a change of sureties by his employer.

The order and decision of the Industrial Commission is affirmed. Costs to respondent.

DONALDSON, C. J., and SHEPARD and McQUADE, JJ., concur.

BAKES, J., dissents.

93 S.E.2d 703 (1956); Angleton v. Foster Wheeler Constr. Co., 177 Kan. 134, 276 P.2d 325 (1954); Cowell v. Minnegas Co., 286 Minn. 535, 176 N.W.2d 84 (1970); Morgan v. Krey Packing Co., 403 S.W.2d 668 (Mo. App.1968); Gourley v. City of Grand Island, 168 Neb. 538, 93 N.W.2d 309 (1959); Gibbs v. Bass, 237 Miss. 823, 116 So.2d 542 (1959); Laas v. Young, 116 Ohio App. 137, 187 N.E.2d 155 (1962); Pool v. E. I. Dupont de Nemours & Co., 227 S.C. 232, 87 S.E. 2d 640 (1955); John Sevier Motor Co. v. Mullins, 205 Tenn. 227, 326 S.W.2d 441 (1959); Larson, The Law of Workmen's Compensation, § 78.43(a) (1971). See, Elenz v. American Mach. & Foundry, 34 A.D. 2d 713, 309 N.Y.S.2d 661 (1970); Bocchino v. Best Foods, Inc., 16 N.J.Super. 154, 84 A. 2d 40 (1951); Sooner Rock & Sand Co. v. Donaho, 421 P.2d 844 (Okl.1966). See generally, Annot. 144 A.L.R. 606 (1943); 165 A.L.R. 9 (1946).

11. Cf., Larson, the Law of Workmen's Compensation, § 78.43(a) (1971).