**CATALYTIC CONSTRUCTION CO.,
Employer-Appellant,**

v.

**Pete BALMA, Claimant-Appellee.**

Supreme Court of Delaware.

March 21, 1974.

---

Robert W. Ralston, of Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellant.

Stanley T. Czajkowski, of Czajkowski & Maguire, Wilmington, for claimant-appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

CAREY, Justice:

This is a workmen's compensation case in which Catalytic Construction Co. (hereinafter "Employer") has appealed a Superior Court decision affirming a ruling of the Industrial Accident Board (hereinafter "the Board"). The issue before us is whether the appellee's claim is barred by 19 Del.C. § 2361(b), which provides:

> "(b) Where payments of compensation have been made in any case under an agreement approved by the Board, or by an award of the Board, no statute of limitation shall take effect until the expiration of five years from the time of the making of the last payment for which a proper receipt has been filed with the Board."

The facts of the case are these: Appellee Balma was injured in October, 1959. He was paid temporary total disability benefits and received a permanent partial award of 65% loss of use of the left leg and 15% loss of use of the left arm. On May 5, 1966, a receipt evidencing the final payment of compensation was filed with the Board. Sometime later, Balma filed a petition with the Board, seeking payment of an outstanding medical expense. Following a hearing on the petition, on August 21, 1968, the Board ordered Employer's carrier to pay the amount owed to St. Francis Hospital, and the bill was paid. No receipt was filed with the Board. On August 8, 1972, Balma filed a petition with the Board, alleging that his industrial injury had been aggravated and seeking review of the compensation agreement. Employer contended that this claim was barred by 19 Del.C. § 2361(b) because: (1) the 1968 payment was not "compensation," and (2) if it was, the statute was not tolled because no receipt had been filed with the Board. The Board and the Superior Court found both of these contentions to be without merit, and we agree with their decision.

The word "compensation" is defined at 19 Del.C. § 2301: "'Compensation' wherever the context requires it, includes surgical, medical and hospital services, medicines and supplies, and funeral benefits, provided for in this chapter."

We hold that the 1968 payment, ordered by the Board, was indeed "compen-

sation" within the meaning of § 2361(b). The context of that section requires that conclusion. Any contrary result would thwart the sound policy behind this "last payment" provision. See 2 Larson's Workmen's Compensation Law, § 78.43(b). The authorities cited by appellant, Delaware Association of Police v. Donahue, Del.Super., 298 A.2d 342 (1972), and Pusey v. Reed, Del.Super., 258 A.2d 460 (1969), are inapposite.

■ We turn now to Employer's contention that § 2361(b) is inapplicable because no receipt was filed with the Board. The Employer cannot rely upon that provision in this case. The statute does not specify situations in which a receipt is required to be filed with the Board, nor does it specify who has the duty to file the receipt. The employee should not be penalized for the failure to file a receipt which should have been filed by the Employer or the hospital. It was the hospital, not the employee, who received direct payment from the Employer. The lower Court said:

". . . This determination is within the Board's powers under 19 Del.C. § 2121. I read § 2361(b) as providing that the five year limitation period begins at the making of the last payment for which a proper receipt *as required by the Board* has been filed."

We agree.

The decision below is affirmed.