**UNITED ENGINEERING AND FOUNDRY COMPANY, Employer-Appellant,**

v.

**Waclaw LEONIK, Claimant-Appellee.**

Superior Court of Delaware,
New Castle.

Heard June 18, 1976.

Decided Sept. 20, 1976.

Robert W. Ralston, Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellant.

Robert K. Pearce, Trzuskowski & Kipp, Wilmington, for claimant-appellee.

STIFTEL, President Judge.

Waclaw A. Leonik injured his back while at work for appellant, United Engineering and Foundry Company, his employer, on April 9, 1965. After being off of work on three separate occasions in 1965 and 1966 and receiving compensation under the Workmen's Compensation Act for the periods of time he was off, he entered into an agreement with the insurance carrier, American Mutual Liability Insurance Company, to be paid for permanent partial disability on the basis of 30% impairment of the back, starting on May 4, 1966, and ending 90 weeks thereafter, on January 23, 1968, at $50 per week, totalling $4,500.

After receiving compensation for the last two periods of time he was off, Mr. Leonik refused to sign final receipts; and he refused to sign a final receipt after he had received all of the monies due him as a result of entering into the "Agreement as to Compensation" for the 30% disability already mentioned (January 23, 1968). No reason is given why Mr. Leonik did not sign the receipt after his last payment of compensation in 1968. The Insurance Company's claims supervisor signed a receipt for him on October 4, 1968 and filed it with the Board; but both parties agree that this was not the same as Leonik signing the receipt since it was done without his authority and knowledge and should not be considered.

The filed receipt becomes an issue because 19 Del.C. § 2361(b) provides:

"Where payments of compensation have been made in any case under an agreement approved by the Board, or by an award of the Board, no statute of limitations shall take effect until the expiration of five years from the time of the making of the last payment for which a proper receipt has been filed with the Board."

Justice Carey, in *Catalytic Construction Co. v. Balma,* Del.Sup., 317 A.2d 872 (1975), quoted with approval the language of the Superior Court Judge when he said:

"I read § 2361(b) as providing that the five year limitation period begins at the making of the last payment for which a proper receipt *as required by the Board* has been filed."

The nature of the receipt is not defined and no rules of the Board have been cited to me which bear upon the subject of the receipt. The nature of the receipt may vary with the circumstances, as indicated in *Catalytic.* Presumably, however, the receipt that would be required under the facts of this case would be a receipt signed by the recipient of the money—the claimant himself. His refusal to sign after final payment should be explained by him. He had received all the money to which he

was entitled under the compensation agreement that he voluntarily entered into with the approval of the Board.

Since a receipt is significant under § 2361(b), the employer should move expeditiously in the ordinary case to receive protection from the Board for claimant's failure to sign. The employee should not be able to gain as a consequence of his unexplained recalcitrance. It would be beneficial for every claimant who had been paid to refuse to sign. This should not be encouraged. The failure of United to take earlier action to obtain an order from the Board should not work to United's detriment. Its belated petition to obtain a Board decision that it was entitled to a final receipt or Board protection after the January 23, 1968 payment should have been considered by the Board and approved by it on this record. This is what United wants.

The statute of limitations issue on employee's new claim, filed on May 27, 1975, after the decision of the Board in this case of May 12, 1975, is an issue to be decided when the new claim is considered by the Board. At that time, the Board can consider Leonik's contention as set forth in his brief, that he received payment of medical bills until 1973. Payment of medical bills has been construed as compensation within the meaning of Section 2361(b) for the purpose of extending the time in which the statute of limitations runs. See *Catalytic Construction Co. v. Balma, supra,* at pp. 873 and 874.

Remanded with directions to the Board to cause the record to reflect entitlement of United to a receipt or some document indicating finality on the requirements of the compensation agreement entered into by the parties, terminating with the last payment under the agreement on January 23, 1968.

It is so ordered.