**FORBES STEEL AND WIRE COMPANY, Employer-Appellant Below, Appellant,**

v.

**John GRAHAM, Employee-Appellee Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 30, 1986.
Decided: Nov. 25, 1986.

**5.** The Superior Court found, and the parties do not dispute, that the Stoppis had received oral notice of the private sale.

Robert W. Ralston (argued), Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellant through Lumbermens Mut. Cas. Co.

Julius Komissaroff (argued), Komissaroff & Perry, Wilmington, for appellant through Liberty Mut. Ins. Co.

Edward T. Ciconte (argued) and Jeffrey P. Wasserman, Ciconte & Roseman, Wilmington, for appellee.

Before HORSEY, MOORE and WALSH, JJ.

WALSH, Justice:

This appeal involves the application of the "last injurious exposure" rule to claims for disability benefits by an employee disabled from two separate work-related accidents which occurred while he was employed by the same employer, who was covered by different insurance carriers at the time of the respective accidents. The Superior Court refused to allocate responsibility between the carriers on the ground that the last injurious exposure rule precluded such a result. We agree and affirm.

The material facts underlying the claims are not in dispute, but the case has a convoluted procedural history, which will be described briefly. The nominal appellant is Forbes Steel and Wire Company ("Forbes"), but the real parties in interest seeking this appeal are Liberty Mutual Insurance Company ("Liberty Mutual") and Lumbermens Mutual Casualty Company, an insurance carrier within the Kemper Group and hereinafter referred to as "Kemper". The appellee, John Graham, suffered compensable injuries in two industrial accidents while employed by Forbes, the first on April 3, 1969, while Forbes was insured by Liberty Mutual, and the second on August 21, 1970, while Forbes was insured by Kemper.

In 1974, Graham filed a petition with the Industrial Accident Board ("Board") for compensation for permanent injuries to his back and a determination of carrier responsibility. The Board determined that Graham had suffered a 50% permanent partial disability to his back, with Liberty Mutual responsible for 80% of the award and Kemper responsible for 20%. The Superior Court reversed this holding as an impermissible apportionment of liability between insurance carriers. The Court remanded the case to the Board to determine whether Graham's second accident was a new accident, an aggravation of the first, or merely a "recurrence" of the first under the last injurious exposure rule articulated in *Disabatino & Sons, Inc. v. Facciolo*, Del.Supr., 306 A.2d 716 (1973). *Forbes Steel and Wire Corp. v. John Graham*, Del.Super., C.A. No. 5303, Christie J. (September 12, 1975).

In 1976 the carriers entered into an agreement concerning Graham's back injuries. The agreement provided that Liberty Mutual would pay 80% of the compensation due Graham for those injuries, and that Kemper would pay the remaining 20%. Pursuant to this agreement, Liberty Mutu-

al made its last payment for Graham's back injuries in 1976.

On August 31, 1982, Graham filed another petition with the Board, this time seeking additional benefits from the carriers for disabilities to his legs and sexual function stemming from his two accidents. He sought compensation for a 35% permanent partial disability of each leg and an 80% permanent partial loss of sexual function. His claim was directed against Liberty Mutual based on his 1969 accident and against Kemper based on his 1970 accident.

On February 15, 1983, the Board held that Graham's 1982 claim against Liberty Mutual was barred by the statute of limitations in 19 *Del.C.* § 2361(b),[1] because more than five years had passed since Liberty Mutual's final 1976 payment relating to Graham's injuries.

Graham appealed that ruling to the Superior Court, and continued to prosecute his claim against Kemper before the Board. On September 27, 1983, the Board found that the 1970 accident was a new accident, not a recurrence of the 1969 accident, and that the 1969 accident caused 80% of the disabilities in Graham's legs and sexual function. Construing 19 *Del.C.* § 2327,[2] the Board held that Kemper would be responsible for only 20% of the compensation due Graham for his additional disabilities.

On February 22, 1984, the Superior Court reversed the Board's dismissal of Graham's 1982 claim against Liberty Mutual, holding that it was not time-barred by 19 *Del.C.* § 2361(b). *Graham v. Forbes Steel And Wire Co.*, C.A. No. 83A–MR–12, Poppiti, J. (Feb. 22, 1984). Liberty Mutual's motion for reargument of that decision was thereafter consolidated with Graham's appeal from the Board's September, 1983 decision.

On May 3, 1985, the Superior Court again held that Graham's 1982 claim against Liberty Mutual was not time-barred. The Court also reversed the Board's September, 1983 holding that Kemper would be responsible for only 20% of the compensation due Graham for his new disabilities, ruling that this award also constituted impermissible apportionment of liability between insurance carriers. The Court remanded the case to the Board, again directing it to apply the last injurious exposure rule. *Graham v. Forbes Steel And Wire Co.*, Del.Super., C.A. Nos. 83A–MR–12 and 83A–DE–9, Poppiti, J. (May 3, 1985).

On remand, the Board held that Graham's 1982 claim against Liberty Mutual was not time-barred. However, applying the last injurious exposure rule, it ordered Kemper to pay all additional compensation due Graham for his accidents. It refused to address whether, in compensating Graham for his new disabilities, Kemper and Liberty Mutual would be bound by the 80–20 split in their 1976 agreement concerning Graham's back injuries, or whether Delaware's prohibition of apportionment of liability between insurance carriers precludes enforcement of such agreements.[3]

In a stipulation and order dated May 15, 1986, the Superior Court affirmed the

---

1. 19 *Del.C.* § 2361(b) provides:
   Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Board.

2. 19 *Del.C.* § 2327 provides in pertinent part:
   Whenever a subsequent permanent injury occurs to an employee who has previously sustained a permanent injury, from any cause, whether in line of employment or otherwise, the employer for whom such injured

employee was working at the time of such subsequent injury shall be required to pay only that amount of compensation as would be due for such subsequent injury without regard to the effect of the prior injury.

3. The Superior Court's opinion of February 22, 1984, had intimated that Delaware's prohibition of apportionment of liability between insurance carriers might preclude enforcement of agreements between carriers dividing compensation responsibility between them. *See John Graham v. Forbes Steel And Wire Co.*, Del.Super., 83A–MR–12, Poppiti, J. (February 28, 1984).

Board's award against Kemper, reasoning that it was bound by its opinion of May 3, 1985. *Forbes Steel & Wire Company v. John Graham*, Del.Super., C.A. No. 85A–OC–8, Poppiti, J. (May 15, 1986). Liberty Mutual and Kemper jointly appeal that affirmance. Kemper argues that it may be ordered to compensate Graham only for disabilities attributable to his 1970 accident. Liberty Mutual argues that Graham's 1982 claim against it is time-barred.

The resolution of this case is controlled by two decisions of this Court construing and applying the last injurious exposure rule. In *DiSabatino & Sons, Inc. v. Facciolo*, Del.Supr., 306 A.2d 716, 719 (1973), this Court articulated the last injurious exposure rule. We stated:

If an injured workman suffers a recurrence, he may apply for further compensation under the quoted section and if there has in the meantime been a change of insurers, the liability therefor falls upon that insurer which was liable for the original benefits. On the other hand, if his condition is not a true recurrence, but is brought about or aggravated by a new work-connected accident, the liability falls upon that insurer whose policy is in effect at the date of the new accident ... Although this rule may appear somewhat arbitrary and may not be the best of all possible methods of handling such a situation, any other rule must be laid down by the legislature rather than the courts.

The Board found on September 27, 1983 that Graham's 1970 accident was a new accident, not a recurrence of his 1969 accident. Thus, responsibility for disability benefits under the rule falls upon Kemper here, because Kemper's policy was in effect at the time of Graham's 1970 accident.

The rule articulated in *DiSabatino* that liability falls upon the last insurer must be read in light of *Alloy Surfaces Company v. Cicamore*, Del.Supr., 221 A.2d 480, 485–487 (1966). *Cicamore* involved an employee who developed a compensable occupational disease over a lengthy period of time.

The Court held that in such cases Delaware law "puts the *whole* burden of compensation payments upon the last insurer." *Id.* at 486 (emphasis added).

Read together, *DiSabatino* and *Cicamore* establish that the last injurious exposure rule as applied in Delaware places the entire burden of compensation payments upon the last insurer when, as here, the employee suffers two compensable accidents while working for the same employer. The rule may produce results which are arbitrary, as we noted in *DiSabatino*, 306 A.2d at 719. However, it provides certainty and avoids the equally arbitrary result that a mere change in carriers could result in a loss of benefits for an employee who has continuously been receiving benefits for two separate accidents suffered while in the same employment.

19 *Del.C.* § 2327, which requires apportionment, does not apply here. That provision applies when a worker sustains a permanent injury, changes employers, then subsequently sustains a second compensable injury, but not when, as here, "a worker has sustained two injuries while working for a single employer and it is the employer's former and present insurance companies who dispute their respective compensation obligations." *Baker Driveway Co. v. Marker*, Del.Super., C.A. No. 81A–MR–16, Walsh, J. (March 3, 1982). Accordingly, sole responsibility for compensation stemming from Graham's 1982 claims rests with Kemper here. This ruling extends to compensation stemming from his 1969 accident as well as compensation stemming from his 1970 accident. We therefore affirm the Superior Court's order dated May 15, 1986.

Since Kemper is solely responsible for such compensation, we need not and do not address Liberty Mutual's argument that Graham's 1982 claim against it is barred by the statute of limitations in 19 *Del.C.* § 2361.

The 1976 agreement between the carriers has no impact on the resolution of this

appeal. This appeal concerns only compensation for disabilities to Graham's legs and sexual function, while that agreement pertained only to injuries to his back. We therefore need not and do not address the question of whether Delaware's prohibition of apportionment of liability between insurance carriers precludes enforcement of such agreements.

Accordingly, the judgment of the Superior Court is

AFFIRMED.