The BUREAU OF ADULT CORRECTIONS and the State of Delaware through its worker's compensation carrier, Pennsylvania Manufacturer's Association Insurance Company, (PMA), Appellant-Below, Appellant,

v.

Gary L. DERNBERGER, and Warner T. Foraker and Joyce Wright, constituting the Industrial Accident Board of the State of Delaware, and the State of Delaware under self-insurance through its adjusting service, Gab Business Services, Inc., Appellees-Below, Appellees.

Supreme Court of Delaware.

Submitted: July 7, 1987.
Decided: July 31, 1987.

J.R. Julian, and Cassandra Faline Kaminski, of Wilmington, on behalf of appellant.

Beth H. Christman, of Wilmington, on behalf of appellee, GAB Business Services, Inc.

Edward B. Carter, Jr., of Wilmington, on behalf of appellee, Gary L. Dernberger.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

HOLLAND, Justice.

This is an appeal by the employer, State of Delaware [State], through its workmen's compensation carrier, Pennsylvania Manufacturer's Association Insurance Company [PMA], from a February 27, 1987 decision of the Superior Court, affirming a decision of the Industrial Accident Board [Board] which held that the statute of limitations of 19 *Del.C.* § 2361(b), had not run against the claim of Gary L. Dernberger [Dernberger] for permanent partial disability to his lower back.

The issue before this Court on appeal, is the Superior Court's affirmation of the Board's two legal conclusions. First, the conclusion that the applicable statute of limitations, 19 *Del.C.* 2361(b), was tolled by virtue of the payment by the employer. Second, that the carrier for the 1976 back injury, PMA, would remain liable for Dernberger's claim for permanent partial disability, if the applicable statute of limitations was tolled. We affirm the decision of the Superior Court.

## THE FACTS

Dernberger injured his back on February 7, 1976, while working within the scope of his employment with the State Bureau of Adult Corrections. At the time of the injury, PMA was the workmen's compensation carrier for the State. PMA paid temporary total disability benefits and related medical expenses in connection with the February 7, 1976 injury to Dernberger's back. PMA's last payment for medical services relating to Dernberger's back injury was made in August, 1979.

On October 1, 1977, the State became self-insured. GAB Business Services, Inc. [GAB] was hired by the State to process its workmen's compensation claims. On August 31, 1979, Dernberger, again during the course of his employment with the State, sustained a compensable injury to his right knee. The State, through GAB, entered into an agreement with Dernberger for disability payments and assumed responsibility for the payment of medical bills relating to the "new" knee injury.

During the course of processing compensable payments for Dernberger's independent knee injury, GAB paid two separate bills for medical services relating to Dernberger's 1976 back injury.[1] The bills for the back injury that were paid through the State's claims-adjusting agent GAB, were not forwarded to PMA for reimbursement, due to what GAB claims was a clerical error.

On September 28, 1984, Dernberger filed a petition with the Board seeking compensation for permanent partial disability resulting from the 1976 back injury. PMA filed a motion to dismiss Dernberger's claim on the basis that it was barred by the five-year statute of limitations set forth in 19 Del.C. § 2361(b). On April 24, 1985, the Board held that the payment of medical bills relating to Dernberger's back injury by his employer, the State, through its claims-adjuster GAB, effectively tolled the running of the five-year statute of limitations. Therefore, the Board held that

Dernberger's claim for permanent partial disability was not time barred and that PMA remained at risk for the 1976 back injury. PMA filed an appeal to the Superior Court. On February 27, 1987, the Superior Court affirmed the decision of the Board.

## STATUTE OF LIMITATIONS

The applicable statute of limitations, 19 Del.C. § 2361(b) provides:

Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Board.

This Court has previously held that "payments of compensation" includes payment of bills for medical services, *Catalytic Construction Co. v. Balma,* Del.Supr., 317 A.2d 872 (1974). There is no doubt that the payments made by GAB are payments of compensation as set forth in the statute. There is also no doubt that more than five years had elapsed since *PMA itself* had issued a payment to Dernberger for either medical or indemnity payments. PMA's first argument is that the payment of the medical bills for Dernberger's back injury by the employer [State through GAB] should not bind it [PMA] by tolling the statute of limitations.

In a recent decision, we did not reach a similar argument relating to the statute of limitations. *Forbes Steel and Wire Co. v. Graham,* Del.Supr., 518 A.2d 86 (1986). PMA's "agency argument" to the effect that it cannot be bound by the action of GAB fails to take into consideration the pivotal nature of the employer/employee relationship in workmen's compensation cases. The insurer is the surety for the employer. The Workmen's Compensation Act requires that an application of the statute of limitations of 19 Del.C. § 2361(b) be governed by its relation to the employer

---

1. The first bill was dated June 23, 1982, in the amount of $57 for "x-ray lumbar spine." The second bill, dated April 13, 1984, was in the amount of $106 ($40 for "comprehensive return," $66 for "x-ray lumbosacral spine complete").

and not be confined to its relation to a particular surety. The rights of the employee are determined primarily according to the relationship of the employee and the employer.

In the case at bar, Dernberger correctly submitted his bills to his employer [State], which forwarded the bills to its agent, GAB. GAB, acting as the State's agent, paid the bills, thus tolling the statute of limitations. The fact that GAB paid the bills without forwarding it to PMA, cannot extinguish Dernberger's claim. To allow errors such as this, by the employer's agent to eliminate Dernberger's claim, would cause unjust results simply because an employer changed surety.

The payment of the medical bills for Dernberger's back injury that are the focus of this dispute, came about, in part, because the State elected to become self-insured. This Court has recently held that a mere change in carriers should not "result in a loss of benefits for an employee who has continuously been receiving benefits for two separate accidents suffered while in the same employment." *Forbes Steel and Wire Co. v. Graham*, Del.Supr., 518 A.2d 86, 89 (1986).

A similar issue was addressed by the Idaho Supreme Court in *Facer v. E.R. Steel Equipment Co.*, 95 Idaho 608, 514 P.2d 841 (1973). In the *Facer* case, the first carrier was at risk for an injury a few months prior to a date on which an employer changed its surety. *Id.* The second carrier mistakenly made payments of compensation to an employee for a work-related injury that the first carrier was obligated to pay. *Id.* The first carrier disclaimed liability asserting that they could not be bound by the payment of compensation by a third party within the meaning of Idaho's statute of limitations, *I.C.* § 74–270 (now *I.C.* § 72–706). *Id.* 514 P.2d at 844. The Court found that the second carrier paid some of the employee's medical expenses which were acknowledged by claimant's employer to have arisen out of and in the course of employment. *Id.* 514 P.2d at 846. The Court held:

> ... By making this payment *claimant's employer through its surety tolled the Statute of Limitations* and bound the appellant (first carrier) to his act. Under the facts presented by the record it would be a grave injustice to disallow claimant compensation for his injuries because he was unaware of a change of sureties by his employer.

*Id.*

■ We agree with the holding in *Facer.* The employer can chose to insure its underlying liability to the employee. However, the employer's liability to the employee transcends any change in insurance carriers. The action by GAB in paying Dernberger's medical bills was the action of the employer. PMA is bound by the action of its insured, the employer. PMA is bound by the action of the employer through GAB.

This Court has previously held that when a workmen's compensation carrier or *the employer* make a payment, the statute of limitations will be tolled. *New Castle County v. Goodman*, Del.Supr., 461 A.2d 1012 (1983). We reaffirm the holding of *Goodman*, as a general proposition. To hold otherwise in this case would impose an injustice upon the claimant who has abided by the Workmen's Compensation Act, 19 *Del.C.* § 2361(a). See also 3 Larsen's Workmen's Compensation Law § 78.-43(a)(d). A similar result was reached by the Superior Court in *Graham v. Forbes Steel and Wire Co.*, C.A. No. 83A–MR–12, Poppiti, J. (February 22, 1984).

### ORIGINAL CARRIER'S LIABILITY

PMA's final argument is that even if the statute of limitations is tolled by the conduct of the employer, any interpretation of the Workmen's Compensation Act which imputes liability to PMA, as a result of actions over which it had no control, represents an unjust taking of PMA's property. This argument is not supported by the statute.

The Workmen's Compensation Act provides in part that "all policies insuring the payment of compensation under this Chapter, shall contain a clause to the effect that

... the insurer shall in all things be bound by and subject to the awards, judgments or decisions rendered against the insured." 19 *Del.C.* § 2378(a). The decision of the Board, which was affirmed by the Superior Court, was a decision against the State [employer].

■ PMA, by the standard provisions of compensation insurance policies, agreed to be bound by decisions rendered against its insured, included decisions tolling the statute of limitations. There is no "unjustness" in a "taking" that has been specifically anticipated and agreed to in advance. The conclusion that the statute of limitations runs against the employer and can be tolled by the conduct of the employer directly addresses PMA's "unjust taking" claim.

In *Forbes*, this Court ratified, reaffirmed and refined the last injurious exposure rule originally set forth in *DiSabatino & Sons, Inc. v. Facciolo*, Del.Supr., 306 A.2d 716, 719 (1973). In *DiSabatino & Sons*, we stated:

> If an injured workman suffers a recurrence, he may apply for further compensation under the quoted section and if there has in the meantime been a change of insurers, the liability therefor falls upon that insurer which was liable for the original benefits. On the other hand, if his condition is not a true recurrence, but is brought about or aggravated by a new work-connected accident, the liability falls upon that insurer whose policy is in effect at the date of the new accident ... Although this rule may appear somewhat arbitrary and may not be the best of all possible methods of handling such a situation, any other rule must be laid down by the legislature rather than the courts.

*Id.* at 719.

PMA does not dispute that the medical bills that were paid relate to Dernberger's 1976 back injury. PMA also does not dispute the fact that under *DiSabatino* liability would fall upon it as the insurer which was liable for the original benefits.

## CONCLUSION

We have decided only those issues which are before this Court. We have concluded that the statute of limitations *vis a vis* the employee [Dernberger] and the employer [State] was tolled when GAB paid the medical bills for Dernberger's back injury. We have also concluded that under our prior holding in *DiSabatino*, PMA as the insurer which was liable for 1976 back injury originally, remains liable. However, both the Board and the Superior Court recognized that PMA may have a cause of action against GAB and the State. This decision is without prejudice to PMA's right to pursue any independent cause of action it may have against GAB and the State and to pursue any cause of action it may have against the State pursuant to its original contract with the State. We express no opinion concerning the merits of such claims, if and when filed.

The decision of the Superior Court is AFFIRMED.