IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREENVILLE COUNTRY CLUB, | § | |
| | § | |
| Through its workers' compensation | § | |
| carrier, GUARD INSURANCE, | § | |
| | § | No. 101, 2016 |
| Appellant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N15A-05-002 |
| GREENVILLE COUNTRY CLUB, | § | |
| | § | |
| Through its workers' compensation | § | |
| carrier, TECHNOLOGY INSURANCE, | § | |
| | § | |
| Appellee Below- | § | |
| Appellee. | § | |

Submitted: September 14, 2016
Decided: November 2, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN,** Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Amy M. Taylor, Esquire, Heckler & Frabizzio, Wilmington, Delaware, for Appellant.

Elissa A Greenberg, Esquire, Elzufon Austin Tarlov & Mondell, PA, Wilmington, Delaware, for Appellee.

**VAUGHN**, Justice:

Appellant, Greenville Country Club, through its workers' compensation carrier, Guard Insurance ("Guard"), appeals from a Superior Court Order affirming a decision of the Industrial Accident Board (the "Board"). While working for Greenville Country Club, Jordan Rash suffered injuries to his lumbar spine in two separate compensable work accidents. The first accident occurred in 2009 while the country club was insured by Guard Insurance Group. The second accident occurred in 2012 while the country club was insured by Technology Insurance ("Technology").

In 2014, Rash filed two Petitions to Determine Additional Compensation, one against Guard and one against Technology. He sought payment of outstanding medical bills, including lumbar spine surgery, and compensation for a recurrence of ongoing temporary total disability benefits. After a hearing, the Board determined that the condition in issue was a recurrence of the 2009 work injury and not an aggravation of the 2012 work injury, and concluded that Guard was therefore wholly liable for the additional compensation to Rash. In reaching its conclusion, the Board relied upon the case of *Standard Distributing Co., v. Nally*,[1] which addresses successive carrier liability.

Guard asserts two claims on appeal. First it contends that the Board failed to properly apply the rule for determining successive carrier liability. Second, it

_____

[1] 630 A.2d 640 (Del. 1993).

contends that there is no substantial evidence to support the Board's finding that Rash fully recovered from the 2012 accident or that his ongoing condition was solely caused by the 2009 work accident. We have concluded that the Board's decision is free of legal error and supported by substantial evidence. The judgment of the Superior Court from which this appeal is taken will be affirmed.

## I. FACTS AND PROCEDURAL HISTORY

On June 20, 2009, Rash injured his back when he fell onto the floor while at work at the Greenville Country Club ("2009 work injury"). At the time of this accident, Guard was the country club's workers' compensation insurance carrier, and the company accepted compensability for Rash's claim. Guard last paid benefits stemming from the 2009 work injury on September 4, 2009.

On June 29, 2012, also while working at the Greenville Country Club, Rash fell on his back while mowing a wet lawn. Technology was the workers' compensation carrier for the country club at that time and determined the claim was compensable. Technology last paid benefits to Rash on July 10, 2013.

Both of the work-related accidents resulted in injuries to Rash's lumbar spine. On August 13, 2012, Dr. Peter Witherell commenced treating Rash's lumbar spine. On June 16, 2014, Dr. Kennedy Yalamanchili commenced treating Rash's lumbar spine and ultimately performed lumbar spine surgery on Rash on August 21, 2014.

On July 7, 2014, Rash filed his petitions against Guard and Technology seeking compensation for a recurrence of his condition which he alleged occurred in July 2013. The compensation sought was for medical expenses of Dr. Witherell and Dr. Yalamanchili and additional total disability benefits. Rash alleged that the proximate cause of his medical condition was either the 2009 work injury, or the 2012 work injury, or both.

Five medical experts and Mr. Rash testified at the Board hearing. After hearing the testimony of the six witnesses, the Board concluded that the condition in issue was a reoccurrence of the 2009 work injury and not an aggravation of the 2012 work injury. In reaching its conclusion that Guard was wholly liable for Rash's additional compensation, the Board relied, as mentioned, on the rule for determing successive carrier liability set forth in *Standard Distributing Co. v. Nally*.[2] Guard appealed to the Superior Court, which affirmed the Board's decision. This appeal followed.

## II. DISCUSSION

"The review of an Industrial Accident Board's decision is limited to an examination of the record for errors of law and a determination of whether substantial evidence exists to support the Board's finding of fact and conclusions of law."[3]

---

[2] *Id.*
[3] *Stanley v. Kraft Foods, Inc.*, 2008 WL 2410212, at *2 (Del. Mar. 24, 2008).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] "On appeal, this Court will not weigh the evidence, determine questions of credibility, or make its own factual findings."[5] Absent errors of law, which are reviewed *de novo*, we review a Board's decision for abuse of discretion.[6] An abuse of discretion occurs when the decision has "exceeded the bounds of reason in view of the circumstances, [or] so ignored recognized rules of law or practice so as to produce injustice."[7]

Guard claims that the Board erred as a matter of law by improperly applying the rule for determining successive carrier liability. In support of this claim, Guard makes the following argument. When Technology accepted responsibility for the 2012 injury, the entire burden of liability for compensation arising from the lumbar spine shifted to it. The Board should not have applied *Standard Distributing Co. v Nally* because the analysis set forth in that case is used only when determining whether a second work accident causes a new, distinct work injury (or aggravation) as opposed to a continuation of an original work injury (a recurrence). Once Technology acknowledged that the 2012 injury was a new injury (or aggravation of

[4] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[5] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

[6] *Id.*

[7] *Lilly v. State*, 649 A.2d 1055, 1059 (Del. 1994) (quoting *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988)).

the first injury), Guard argues, causation was severed away from the first accident, no further analysis under *Nally* was warranted, and Technology became liable for all compensation after the 2012 accident.

This Court first addressed successive carrier liability where an employee has suffered two work accidents in *Disabatino & Sons, Inc. v. Facciolo,* in which the Court stated as follows:

> If an injured workman suffers a recurrence, he may apply for further compensation under the quoted section and if there has in the meantime been a change of insurers, the liability therefor falls upon that insurer which was liable for the original benefits.  On the other hand, if his condition is not a true recurrence, but is brought about or aggravated by a new work-connected accident, the liability falls upon that insurer whose policy is in effect at the date of the new accident.  . . .  If the later condition is a true recurrence, as defined herein, the original insurer is liable; if it is caused by a new work-connected accident or episode, the liability is upon the insurer at that time.[8]

The last sentence demonstrates that the successive carrier is not strictly liable as a matter of law for a later condition which manifests itself after the second accident.  It is liable if the newer work-connected accident was the cause of the later condition.

---

[8] *DiSabatino & Sons, Inc. v. Facciolo,* Del.Supr., 306 A.2d 716, 719 (1973)

6

This rule, known as the "last injurious exposure" rule, was repeated in *Standard Distributing Co. v. Nally*.[9] As we explained there, the "burden of proving the causative effect of a second event is upon the initial carrier seeking to shift responsibility for the consequences of the original injury."[10] In *Nally*, the issue was whether an injury from a second work place accident was a recurrence of the injury caused by the first accident, or a new injury.[11] Here, the issue is whether liability for a later manifestation of injury, occurring after both accidents, falls upon the first carrier or the second carrier. This factual distinction does not alter the analysis. Liability for a later condition falls upon the carrier responsible for the injury which proximately causes the later condition, whether it be the first injury or the second injury.[12] The burden of proving that the second event caused the later condition is upon the initial carrier.[13]

This conclusion finds support in the case of *Whitney v. Bearing Construction, Inc.*[14] There, the claimant suffered a work-related injury to his back in 2005.[15] In 2010, he experienced three minor injuries to his back.[16] He experienced a later

---

[9] 630 A.2d at 646.
[10] *Id.*
[11] *Id.* at 641.
[12] *Id.*
[13] *Id.* at 646.
[14] 2014 WL 2526484 (Del. May 30, 2014).
[15] *Id.* at *1.
[16] *Id.*

manifestation of injury to his back in 2012.[17]  The Board concluded that the 2012

condition was caused by the 2005 injury and that the 2010 injuries could not account

for the 2012 condition.[18]  The Superior Court reversed the Board's decision, but this

Court reversed the Superior Court's judgment and ordered that the Board's decision

be reinstated.[19]

Guard relies, in part, upon the cases of *Forbes Steele and Wire Co. v. Graham*[20]

and *Alloy Surfaces Co. v. Cicamore*.[21]  However, both of these cases are

distinguishable.  In *Forbes,* the Board found that both accidents contributed to the

claimant's condition.[22]  Since the second accident was a cause of the condition, the

last injurious exposure rule placed liability on the successive carrier.[23]  Here, the

Board found that the 2012 accident was not a cause of Rash's condition at all.

*Cicamore* involved an occupational disease which developed over time, the history

of which could not be determined "with any satisfactory degree or certainty."[24]

The Board was correct in recognizing that causation in this case was still an

issue that must be proven.  Guard's contention that the occurrence of a second

---

[17] *Id.*
[18] *Id.*
[19] *Id.* at *4.
[20] 518 A.2d 86 (Del. 1986).
[21] 221 A.2d 480 (Del. 1966).
[22] 518 A.2d at 87.
[23] *Id.* at 89.
[24] 221 A.2d at 486.

8

compensable injury in 2012 shifted liability to the second carrier for all subsequent compensation for Rash's lumbar back without proof of a causal relationship between the 2012 injury and the condition in issue is rejected.

Guard's second claim is that there is no substantial evidence to support the Board's finding that Rash fully recovered from the 2012 accident or that his ongoing condition was solely caused by the 2009 work accident. "The Board's finding[s] of fact [are] given a high level of deference at both the Superior Court and [this Court]."[25] In this case, the Board found that four of the five doctors testified that Rash's condition at issue was caused by the 2009 accident, not the 2012 accident. Although Guard takes issue with these findings, we are satisfied that there is substantial evidence in the record to support them. It is well established that the Board may adopt one expert's testimony over that of another, and the Board acted well within its discretion in adopting the opinions of the four who attributed Rash's condition to the 2009 accident.[26]

Rash met his burden of proving that his condition at issue in this case was proximately caused by the 2009 accident. Guard failed to meet its burden of proving

---

[25] *Whitney,* 2014 WL 2526484, at *2.
[26] *Id.*

that it was proximately caused by the 2012 accident.  For the foregoing reasons, the judgment of the Superior Court is affirmed.